R E C E I V E D

United States District Court
For the Southern District of New Jersey

JUL 1 3 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Oscar Prior-Ramirez
Plaintiff
V.
SWSP Custody Officers and
Administrators, John Powell,
Nurse Practitioner Mrs. Lisa R. Mills,
Nurse Practitioner, Christina Carman, Head of Medical
Department, Dr. Sherita Latimore-Collier
Defendants

Affidavit of poverty and
account certification
Civil action no.
1:20-cv-03887-NLH-KMW
DNJ-PMO-Se-007-A

The above Defendants
are being sued in their
individual and official
capacity
Amended complaint

Oscar Prior-Ramirez
# 698645
South Woods State
Prison
215 S. Burlington Rd.
Bridgeton, NJ 08302
SBI # 543336-D

Plaintiff is confined

RECEIVED

Oscar Prior-Ramirez # 698645
South Woods State Prison
215 S. Burlington Rd.
Bridgeton, NJ 08302

JUL 1 3 2020

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

United States District Court for the District of New Jersey
Parties to previous lawsuit

Plaintiff
Oscar Prior-Ramirez
V.
Defendants
  1. SWSP Custody officers and Administrators, John Powell
  2. Head of Medical Department, Dr. Sherita Latimore-Collier
  3. Nurse Practitioner, Mrs. Lisa R. Mills
  4. Nurse Practitioner, Christina Carman


<u>Preliminary Statement</u>

1. The Plaintiff has been officially incarcerated in SWSP since May 20, 2014. Plaintiff, Oscar Prior- Ramirez is a resident at South Woods State Prison. Plaintiff brings this civil rights action to address the deprivation under the color of state, law of rights, privileges and immunities secured to Plaintiff by the provision of the fifth, eighth, ninth, and fourteenth amendments of the United States Constitution. Plaintiff alleges that he has been denied access to adequate and competent medical treatment, as well as denial of handicap accessibilities. Plaintiff alleges further that the aforementioned acts and policies and practiced of the Defendants and their employees are knowing, deliberate, and intentional in disregard to the health and well being of the Plaintiff and that such acts, policies, and practices are shocking to the conscience of civilized persons and intolerable in a society purportedly governed by the law and consideration of due process. The Plaintiff also has sufficiently pled for his state tort claim for his mentioned inquiries.


<u>Jurisdiction of Venue</u>

2. This is an action seeking punitive and compensatory damages for violations of the rights, privileges and immunities secured under the fifth, eight, ninth, and fourteenth amendments under the Constitution of the United States and under 41 U.S.C & 1983 & 1985.

3. Original jurisdiction and the action is conferred upon this court by 28 U.S.C & 1331 & 1343 under predict jurisdiction.

## Parties

4. Plaintiff Oscar Prior-Ramirez is a resident of the State of New Jersey. Plaintiff is under custody of NJDOC within the custody and control of South Woods State Prison Defendants and their employees.

5. Defendants, SWSP Custody Officers and Administrators, John Powell, Head of Medical Department, Dr. Sherita Latimore-Collier, Nurse Practitioner, Mrs. Lisa R. Mills, Nurse Practitioner, Christina Carman. Administrator John Powell is responsible for the administration, operation and supervision of South Woods State Prison within the State of New Jersey including the SWSP and for the promulgation and enforcement of the rules, regulations, policies and practices relevant there to. Defendants issued herein individually and in their official capacity.

6. The Defendants including their agents, medical department, subordinates, sub-contractors and supervisors have knowingly, maliciously, negligently, purposely, recklessly, and unlawfully in committing acts and omissions with the intent of denying impending, injuring and denying treatment, frustrating Plaintiff under the Constitution of the law of the United States of New Jersey.

<u>Statement of facts</u>

7. As a disabled inmate, Oscar Prior- Ramirez of South Woods State Prison, Plaintiff is suffering from a complete lack of medical care and repeated exposures to unsafe practices, unsanitary conditions, as well as access to basic handicapped aids and facilities that are standard in public facilities and institutions.

8. Exposure to unsanitary conditions, practices and lack of proper handicapped equipment has directly led to a worsening of Plaintiff's conditions and also led to a dangerous infection by lack of care from the Nurse Practitioners while performing their duties.

9. This is a reoccurring problem since Plaintiff's incarceration at SWSP that Plaintiff has repeatedly complained to the institutions officer staff at SWSP as well as medical staff at medical care department; the company that services as the medical dept. at SWSP. To date Plaintiff has not received relief from these issues. Plaintiff's condition is aggravated by a lack of handicapped cells where the Plaintiff was made to stay in cell #1029 in Adsey on 10/12/18 and where he broke his left ankle and also due to lack of medical care from the Nurse Practitioners.

10. The fact that the Plaintiff is forced to stay in a cell which is not appropriate for handicapped inmates, even after Plaintiff kept continuously complaining to the officers in charge to change the cell on 10/11/18. His request was denied and he was also prevented from talking to the Sergeant. This shows the lack of training of the officers while performing their duties.

11. As a result of the lack of training of the officers while performing their duties, it led Plaintiff to break his left ankle. Plaintiff's option was limited from reaching out to the appropriate on duty officers and his only option left was to raise a formal complaint to the administrator, John Powell, to take the proper actions in that regard. Refer <u>Exhibit A.</u>

12. On 10/21/2018, at 11.02.17am, the Plaintiff made a formal complaint by writing to the administrator, John Powell, mentioning what exactly happened while he was in the ill equipped non handicapped cell. He was still in that cell during the period he made the formal complaint to the administration.

13. On 10/22/2018 at 9.24.53am, the Plaintiff received a reply back from the formal complaint where, the relevant party mentioned that the issue has been referred to the custody department.

14. On 10/30/2018, at 4.24.53am, the custody department to whom the issue was forwarded, wrote back to the Plaintiff that the issue is with the medical department and did not take any further steps to address the issue raised by the Plaintiff, where in even after knowing, that the cell was not meant for a handicapped inmate, he was kept in that cell where he broke his ankle.

15. On 11/16/2018 at 2.20.53pm, as a follow up, The Plaintiff wrote back to the administrator, John Powell, mentioning the injury and the trouble he has to go through for keeping him in the cell #1029 in SWSP Adsay., which is not a cell meant for handicapped inmates in the first place. He further mentioned that this is separate from medical department and it is something in which the on duty officers should have known before putting him in that cell. Refer Exhibit B.

16. Looking at the above exhibits and the discussion with the administrator John Powell, it becomes very clear and evident that the officers in charge/duty lack proper training and are very much reckless in the behavior towards handicapped inmates. They also prove their deliberate indifference where it comes to being assigning appropriate cells to handicapped inmates.

17. Administrator John Powell is responsible for the administration operation and supervision at SWSP within the State of New Jersey including SWSP and for the promulgation and enforcement of the rues, regulations, policies and practices relevant there to. Defendants issued herein individually and his official capacity. Looking at his responsibility it becomes clear that even after John Powell being an administrator and knowing his designated work, he clearly failed to address the issue raised by the Plaintiff in assigning him and later removing him from the ill equipped cell.

18. On 11/2/2018 at 12.23.18pm, the Plaintiff wrote to administrator John Powell and to the medical dept. mentioning that due to the lack of correct supplies from medical dept. he was taken into detention. Refer Exhibit C.

19. The response received by the Plaintiff based on the above complaint clearly proves the carelessness and recklessness by the nurse practitioners as well as the overall lack of supervision by the medical department in providing a correct, appropriate medical treatment which is suitable for the Plaintiff. The nurse practitioner further commented to the Plaintiff that "You want a Mercedes Benz when they can only provide him with a Toyota". This clearly shows that the medical department and nurses do not care providing proper medical treatment to the handicapped inmates, even after asking for one. This proves lack of training of nurse practitioners and lack of supervision be the medical dept. concerning medical care.

20. On 2/13/2019 at 1:37:51pm, Plaintiff reached out to Anthony Thomas, medical ombudsman and also to medical department requesting investigation for the incompetent medical treatment that the Plaintiff has recieved. He also mentioned that on 10/12/2018, the medical staff responded to code 53 at approximately 6:00am. The Plaintiff only received vital stable upon arrival of the medical staff with no further care or treatment. The Plaintiff had to remain in cell 1029 from 10/12/18 6:00am to 10/13/2018 10:51am i.e for approximately 28 hours without further medical care and attention, to finally find out that he has a trimalleolar fracture in his left ankle.

21. After knowing about the fracture, the Plaintiff was returned back to cell 1029, Instead of being moved to an appropriate cell in ECU, where protocols could have still been enforced. Being placed back in the unsafe cell only risked further injury to his ankle. Inmates have been placed in ECU to receive proper medical attention with lesser injuries than what he suffered.

    The medical ombudsman, Anthony Thomas, responded back saying that the Plaintiff did not meet the criteria to be placed in ECU, even after getting his ankle fractured. Refer to exhibit D.

22. The Plaintiff is still remaining in the non appropriate unsafe cell and moving around with no cast to protect his fractured ankle, from 10/12/2018-10/18/2018, approximately 6 days. The Plaintiff finally got the cast done at the New Jersey Orthopedic clinic on 10/18/2018, done by Doctor Scott Miller, MD. The doctor suggested that the Plaintiff should remain non weight bearing, noting that he was a parapalegic. He further suggested that Plaintiff should be afforded a transfer board to allow him to transfer from the bed to wheelchair, so that the Plaintiff does not have to prop up on the legs and put pressure on the legs. The doctor also added that the wheelchair should have crutch support to keep his legs off the floor. Even after putting the above suggestion by the doctor, the Plaintiff never received these items to ease him in his movement and no one from the medical department even followed up with the Plaintiff regarding what was suggested by the doctor..

23. After the cast was done, the Plaintiff was placed back again in the unsafe cell 1029 to finish his 30 days charge, which could have been done had he been kept in an appropriate cell. This proved the lack of supervision by the medical department and their failure to perform their designated duties.

24. The Plaintiff had the cast for 4 months along with his current disabled condition. He had to go through a lot of mental stress in that situation, which he was not supposed to go through had he been placed in the appropriate cell in the first place. Refer to exhibit E.

25. The Plaintiff had to go through the entire process for approximately 9 months dealing with pains from a swollen fractured ankle and had to wear a bracelet to keep his fractured ankle in place.

26. The Plaintiff was never given any opportunity by the medical department to go to a hospital and get checked up by a specialist to know the treatment that can be provided to treat his fractured ankle and get proper relief. Instead of doing that, the Plaintiff was transferred to another prison.

Looking at the above statements and exhibits, it clearly shows the carelessness and recklessness by the medical department.

27. On 6/26/2019 at 11:52:38am, Plaintiff wrote to Administrator John Powell as well as to the medical department about the careless treatment he has received from Nurse Practitioner Mrs. Linda R. Mills. Refer to exhibit F.

28. The Plaintiff not only reached out to the appropriate individuals in SWSP regarding his complaints, he further wrote to other individuals on June 27, 2019 regarding them. Refer to exhibit G.

29. Plaintiff has been complaining for a while regarding the time of his catheter change, which is supposed to be every month as suggested by the doctor. Regardless of the complaints, the Nurse Practitioner Mrs. Linda R. Mills ignored the Plaintiff's complaint and mentioned that the catheter would be changed every 2 months, not monthly. The Plaintiff had no option but to accept what the Nurse Practitioner said as his complaints were not being heard by the medical department or by her.

30. The process that was followed but Nurse Practitioner Mrs. Linda R. Mills for the catheter change was not hygenic, leading to a risk of high infection and is life threatening. While changing the catheter for the Plaintiff, she threw the right extension of the catheter into the red contaminated trash can. Upon reminding her by the Plaintiff that she had thrown away the extension that was needed for the catheter, she reached into the contaminated trash can and picked out the extension to use in the catheter. Even after knowing that her action will cause infection to the Plaintiff, she continued putting the extension to the catheter without disposing it back to the trash can.

31. A private physician under contract with a state to provide medical care to inmates acts under color of state law for the purpose of 42 U.S.C. s 1983 when undertaking his duties to treat an inmate.

32. These reckless actions by the Nurse Practitioner Mrs. Linda R. Mills were intentional to cause harm to the Plaintiff.

33. On 8/26/2019, Plaintiff wrote back to Administrator John Powell and the medical department trying to get a solution for his catheter change. Plaintiff wrote to Administrator John Powell that his catheter had not been changed in over 2 months and he was fearing infection. Based upon his complaint, Plaintiff only heard back from Anthony Thomas on 9/4/2019, that his catheter will

only be changed every 1-3 months unless there is a problem that requires immediate change. Refer to exhibit H.

34. Noone cared to look into the medical records of the Plaintiff which includes Administrator John Powell, medical department and Ombudsman Anthony Tthomas to see if proper medical treatment was provided to him.

35. On 11/28/2019, another reckless and careless treatment by a different Nurse Practitioner led the Plaintiff to make an emergency 911 medical call. At this time, the Urologist Rajmayur Brambhatt, made it clear that the catheter for the Plaintiff should be changed every month. Refer to Exhibit I.

36. The above details clearly show the lack of supervision, care and oversight of the medical department towards the health of the handicapped inmates and the lack of training of Nurse Practitioners. Due to these situations the Plaintiff had to depend on the wrong treatment from Nurse Practitioners rather than getting checked up on by a doctor.

37. The Supreme Court's decision in Pembaur makes it clear that "an official with policy making authority can create official policy even by rendering a single decision." McGreevy vs. Stroup, 413 F. 3d 359, 367-68 (3d cir. 2005) siting Pembaur vs. city of Cincinnati 476 U.S 469.480-81 (1986)  There the court held that " liability may be imposed for a single decision by municipal policy makers under appropriate circumstances". Pembaur 475 U.S al 480. Natale vs. Camden County Correctional Facility 318 F.3d 575 (3d cir. 2003).

38. This we can see from the above paragraphs the recklessness and careless treatment from nurse practitioners invoking the 3 components of deliberate indifference.
    1. Subjective knowledge of a risk of serious harm.
    2. Disregard of that risk
    3. By conduct that is more than mere negligence.

39. On 11/22/2019, after waiting for 2 months and 22 days, the SP catheter was changed by Nurse Practitioner, Christina Carman. At this time when the catheter was changed, everything seemed normal. However, the patient noticed that the catheter was pushed much deeper inside than needed. After the catheter was changed, the Plaintiff went back to his cell. At around 6:30pm the same day, Plaintiff started to feel sick with fever and was not in a situation to even urinate. This made the Plaintiff scared as he also noticed he started bleeding from his private part. He was concerned that the catheter was pushed deep inside his private part which sp caused the bleeding.

40. The Plaintiff called the Officer to tell him he needed to go to the medical department. After going there, the Plaintiff had to wait for a nurse to do the checkup. After the nurse started the examination, the body temperature for the Plaintiff increased rapidly and the bleeding also

increased. The nurse also noticed that the Plaintiff's heartbeat had also increased. The nurse applied an EKG to monitor the heartbeat and she noticed that the heartbeat was unstable.

41. Looking at the situation, the nurse made an emergency 911 call. Plaintiff was taken to the nearest hospital for treatment. The doctor in charge noticed that the catheter was not placed properly. The doctor had to reinsert the catheter to put it in properly. The doctor identified the cause of the incident which was to wrongly insert the catheter leading to internal bleeding and blockage of urination. , that was causing pressure and impacted the heartbeat. The Plaintiff had to stay overnight in the hospital. The next day, Plaintiff was transferred to St. Francis Hospital , which has a contract with the prison to provide care to the inmates.

42. The doctor at St. Francis gave the same diagnosis as the doctor in the previous hospital that the fever and heartbeat had increased due to incorrect catheter insertion. The Plaintiff was given intravenous antibiotics for several days. The Plaintiff still had a temperature and the bleeding was not under control. Refer to Exhibit I for the doctor's discharge report. There he had further recommended a monthly change of catheter for the Plaintiff. From 11/22/2019 to 11/29/2019 i.e for 8 days, Plaintiff had to remain for infirmary rounds and d/c infirmary but he still complained that he was getting blood from his private part. Refer to Exhibit J.

43. Thus going back to Exhibit K, we can see that the catheter was carelessly and recklessly changed by the Nurse Practitioner for the Plaintiff.

44. After the Plaintiff went back to the general population, he raised a grievance to the medical department mentioning the careless catheter change by Nurse Practitioner, Christina Carman, several times and that it was not changed timely which had a gap of almost 3 months. Plaintiff received a response back for Ombudsman Anthony Thomas mentioning that the Plaintiff had to meet a doctor on 12/20/2019 at 10:00 am to discuss the monthly catheter change process. The Plaintiff went to see the doctor on 12/20/2019, but the checkup was rescheduled for 12/23/2019.

45. The Plaintiff raised another grievance on 12/13/2019, mentioning that the catheter change was rescheduled hoping that it would be done properly this time and not creating a similar critical situation such as the situation that had arisen previously. The Plaintiff raised these grievances to get the attention of Ombudsman Anthony Thomas and the medical department so that the catheter is changed timely, going forward, as previously they have mentioned 1-3 month timeframe for catheter change and not monthly as suggested by doctors. Refer to Exhibit H.

46. Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. The eighth amendment governs the treatment a prisoner receives in prison and the conditions under which he is confined. After incarceration, only the " unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the eighth amendment.

47. A Plaintiff must satisfy both objective and subjective inquiry. First a Plaintiff must set forth evidence of an objectively serious medical need. Second a Plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical condition. A serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In either of these situations, the medical need must be one that, if left unattended, poses a substantial risk of serious harm.

48. Anthony Thomas, Medical Ombudsman, was wrong to say the Plaintiff would have to meet a doctor in the general population in Facility 3, wherein Plaintiff can only see a Nurse Practitioner and not a doctor. The Nurse Practitioners are the ones making decisions about medical treatment and not doctors. The only time Plaintiff can see a doctor is in the infirmary unit.

Legal Claims

49. Defendants, their agents and employees with knowledge of Plaintiff's medical needs and with deliberate indifference to such medical needs have acted or failed to act in such a way that has deprived Plaintiff of necessary and adequate medical care thereby endangering the Plaintiff's health and well-being. Such acts and omissions of the Defendants violate rights secured to the Plaintiff under the fifth, eighth, ninth and fourteenth amendments of the United States Constitution.

50. Defendants, their agents and employees with knowledge of Plaintiff's medical needs have a duty under the fifth, eighth, ninth and fourteenth amendments of the United States Constitution to provide needed medical care to inmates of SWSP, in conformity with the standards of medical care practiced in the State of New Jersey as a whole.

51. Plaintiff alleges that he has been denied access to adequate and competent medical treatment care. Defendants purposely, recklessly, and unlawfully committed acts and omissions with the intent and purpose of denying and impending treatment, frustrating Plaintiff under the United States Constitution.

52. Plaintiff has no adequate and sufficient remedy at law which to address the wrongs alleged therein and will continue to suffer irreplaceable injury from the conduct of the Defendants unless it is granted the equitable relief sought herein.

53. The Defendant acted recklessly with respect to all of the events constituting the factual basis upon which the suit has been instituted by state minimum standards, which are directly responsible.

54. The Defendants are liable for the Plaintiff's denial of treatment because they were not performing discretionary activities and their failure to perform these ministerial acts constitutes negligence, recklessness, wantonness and willfulness and further the Defendants absolutely did not act in good faith. Defendants violated Plaintiff's rights under the fifth, eighth, ninth and fourteenth amendments of the United States Constitution.

The Plaintiff has enough evidence to support his claim against each Defendant. The court should notify by counts the violation of each Defendant.

## Count I

Violation of 42 U.S.C 1983- Deliberate indifference to serious medical needs (as to SWSP Custody officers, Administrator John Powell, SWSP, Head of Medical Department, Dr. Sherita Latimore- Collier, Nurse Practitioner Mrs. Linda R. Mills, Nurse Practitioner Christina Carman).

## Count II

Violation of 42 U.S.C 1983-Conditions of confinement amounting to punishment. (as to Administrator John Powell).

## Count III

Violation of 42 U.S.C 12132- Americans with Disabilities Act (as to SWSP Custody officers, Administrator John Powell, Head of Medical Department, Dr. Sherita Latimore- Collier, Nurse Practitioner Mrs. Linda R. Mills, Nurse Practitioner Christina Carman).

## Count IV

Violation of N.J.S.A 10:5-1 et seq-New Jersey law against discrimination (as to SWSP Custody officers, Administrator John Powell)

## Count V

Medical malpractice (Negligence/gross negligence) (as to Nurse Practitioner Mrs. Linda R. Mills, Nurse Practitioner Christina Carman).

## Count VI

Intentional infliction of emotional distress (outrage) (as to  Nurse Practitioner Mrs. Linda R. Mills, Nurse Practitioner Christina Carman, Administrator John Powell, Head of Medical Department. Dr. Sherita Latimore-Collier.

A. Plaintiff has sufficiently pleaded violations of his Eighth Amendment rights.
   For deliberate indifference and for state tort claim for his injuries.

Plaintiff has pleaded detailed facts sufficient to sustain Section 1983 claims against Defendants SWSP Custody officers, Administrator John Powell, SWSP medical department, Nurse Practitioner Mrs. Linda R. Mills, Nurse Practitioner Christina Carman.

Administrator John Powell failed to ensure the safety of a handicapped inmate . Mr. John Powell is the final policy maker concerning the Administration of SWSP. He also has knowledge of the grievances filed by the Plaintiff concerning Plaintiff being locked up in an appropriate cell. He further failed to address Plaintiff's issues therefore Plaintiff had to suffer the pain of a broken ankle. The on duty officers also failed to perform their duties by denying the Plaintiff to address his issues with the Supervisor.

The medical department also failed to provide the appropriate medical care even though they are policy and decision makers concerning care and treatments of inmates in SWSP. The evidence shown by Plaintiff is plausible on its face, as the Plaintiff had to wait for 6 days without a cast being provided for his fractured ankle. As per the Eighth Amendment, delays of days or even hours in delivering necessary treatment may constitute deliberate indifference in some circumstances where the medical condition is so grave and requires such immediate medical attention, that a few hours delay in receiving medical care for emergency needs such as broken bones and bleeding cuts, may constitute deliberate indifference. However, delayed treatment for injuries that are of a lesser degree may also give rise to constitutional claims. Plaintiff has sufficient facts indicating deliberate indifference on the part of Nurse Practitioner Mrs. Linda R. Mills and Nurse Practitioner Christina Carman concerning medical treatments, which led to dangerous infections, bleeding and threat to life leading to an emergency 911 call and a treatment from an outside hospital. Thus all the above Defendants violated the Plaintiff's constitutional rights.

B. Plaintiff has sufficient allegations against Defendants for not complying with the Americans with Disabilities Act, which also involves dicrimination to Plaintiff from being a disabled inmate.

Administrator John Powell is responsible for not complying with statutes and requirements of ADA . The law is clear when the institution receives federal funds to ensure the safety of disabled inmates. Therefore, Administrator John Powell failed to comply with the statutes established by law. John Powell has knowledge of the Plaintiff being placed in an inappropriate cell. Complying with the Americans with Disabilities Act is not just to say that housing is appropriate for disabled inmates, the violation is only when handicapped inmates are kept in inappropriate cells, as has been continuously mentioned by the Plaintiff, that he was placed in an inappropriate cell. 1029-AC SU. The Plaintiff was made to stay in that cell until his charge was complete. Medical department never provided the appropriate medical supplies to the Plaintiff which left Plaintiff with no other option but to refuse to go to the general population and prefer to go to lock up.

After Plaintiff obtained multiple fractures in his left ankle, medical department as well as Administrator John Powell failed their responsibilities. In that moment, the medical department should have taken appropriate steps by placing the Plaintiff at an infirmary, as there are the same protocols as in the detention units. But instead, Ombudsman Anthony Thomas mentioned that the Plaintiff did not meet the critical requirements to be placed in the infirmary. The injuries that the Plaintiff suffered from was not only external but also internal. Looking from that perspective, Plaintiff should have been given more medical attention than what was provided. Therefore, having knowledge and ignoring the Plaintiff's serious medical condition could have made the situation worse making his injuries more grave.

C. Plaintive has sufficient allegations for negligence And grows neglect to the level of deliberate indifference.

New Jersey law requires a malpractice claim plaintiff to show that 1. A duty of care existed. 2. The defendant breached that duty 3.That breached caused his or her injuries and 4. That he or she suffered damages. Shuster v. Cabanas, 2013 U.S dist 10 11 79 al 12 -13  (D.N.J. July 19, 2013) (citing Natale, 318 F. 3d al 579)

 Nurse Practitioner Mrs. Lisa R. Mills undertook her duties when she changed the treatment prescribed by the doctor outside of the prison. The treatment prescribed by the doctor was to change the catheter every month, but Mrs. Mills modified the treatment based on her benefit every 2 months or close to 3 months. She knew that if the catheter is not changed timely, Plaintiff can develop a urinary infection. With all this knowledge and all the recklessness she has shown by not following the proper treatment method and by not putting into practice the sterile method of treatment by putting back the discarded part of the catheter from the red contaminated trash can back into the body of the Plaintiff proves her lack of training, her lack of sincerity towards her work and her carelessness towards the Plaintiff. A similar incident took place with another Nurse Practitioner, Christina Carman, who had inserted the catheter deep down in the bladder, leading to bleeding and blockage of urination. The heartbeat of the patient increased based on that treatment, leading to an emergency 911 call and the Plaintiff getting treated by a doctor outside of the prison. A urine infection can be treated  inside the prison but the situation in which the Plaintiff was placed by incorrect insertion of the catheter led to profuse bleeding, fever, blockage of urination, infection and increased heartbeat which led to an emergency 911 call, left the Plaintiff with no other choice but to go to a hospital outside of the prison for treatment. This proves the lack of training by Nurse Practitioner Christina Carman and lack of supervision by the medical department which may be liable for negligence as well. The court held that "liability may be imposed for a single decision by municipal policy makers under appropriate circumstances" Pembaur 475 U.S al 480.

D. Plaintiff  has sufficiently alleged intentional infliction of emotional distress ("outrage") .

To establish the tort of outrage, Plaintiff must show 1. That the Defendant intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct 2. That the conduct was extreme and outrageous 3. That the actions of the defendant were the cause of the Plaintiff's distress and 4. That the emotional distress sustained by the Plaintiff was severe. 49 Prospect St. Tenants Assoc. V. Sheva Gardens, 227 N.J super 449, 474, (App Div. 1988) .

Plaintiff has set forth detailed factual allegations sufficient to support this claim against John Powel Administrator. Administration SWSP, SWSP medical department, Nurse Practitioner Linda R. Mills, and Nurse Practitioner Christina Carman.

Administrator John Powel having full knowledge of the Plaintiff's conditions. Placed Plaintiff in an inappropriate cell with no handicap equipment. Administrator John Powel, instead of addressing the issue, he left the Plaintiff alone in that critical condition and the likely impact of his decisions made Plaintiff's life worsen. The specific actions or inactions were the cause of failure to provide safety to a handicapped inmate. Accordingly, Administrator John Powel's alleged conduct was extreme and outrageous and he knew or should have known that it was likely to cause emotional distress. John Powel has the complete authority for being the final policy maker to re accommodate Plaintiff to a more appropriate cell. Instead, the Plaintiff had to complete his full charge in that cell. These actions not only left the Plaintiff with mental distress inside the inappropriate cell, but also led the Plaintiff to deal with his disability with his broken ankle outside of the cell.

Medical department has had full knowledge of Plaintiff's fragile psychological condition and depression which was exacerbated by the brutal combination of inadequate medical treatments and by the Nurse Practitioner making a joke with the Plaintiff saying, "We can only provide a Toyota when you are looking for a Mercedes Benz". Any person whose nurse rationalizes a questionable decision by making those comments, even after having knowledge of Plaintiff's sufferings, is expected to give severe mental distress to the Plaintiff. Medical department never took appropriate steps to accommodate Plaintiff to the infirmary even having the knowledge of Plaintiff's suffering from severe ankle fracture. Medical department further failed to provide appropriate treatment to his broken ankle by waiting 6 days to address his cast.

After the Plaintiff was released from detention, he had to wait 4 months for his cast to be taken off. During the time span, he had to suffer from the pain of using plastic bags to cover his broken ankle while taking a shower, with the knowledge that he is a disabled inmate. Until this day, Plaintiff has complained of pains in his swollen ankle and also he has to wear a bracelet to keep his ankle in place.

Nurse Practitioner, Linda R. Mills, at her convenience, changed the treatment plan to a 2-3 month change for catheter instead of a once a month change, which was suggested by the

doctor. Despite having the knowledge that the Plaintiff is having multiple urinary tract infections, she continued to modify the treatment plan. In addition, she did not use sterile techniques of treatment to prevent infections. She proved her recklessness by taking out the discarded portion of the catheter that was thrown by her into the red contaminated trash can and put it back into the Plaintiff's body. The Plaintiff had no option left at that moment but to accept the treatment or to go without any treatment. Her treatment methods are inhumane which can cause severe infections to any patient leading to death. This treatment has caused severe mental distress to the Plaintiff.

Nurse Practitioner, Christina Carman changed the catheter for the Plaintiff on 11/22/2019. During the process of her treatment, she pushed the catheter deep inside the bladder of the inmate causing severe internal damage, blockage of urination, high fever, bleeding and rapid increased heartbeat leading Plaintiff to be taken to emergency medical care by calling an emergency 911 call.

The condition led the Plaintiff into severe mental distress as he thought he was going to have a heart attack based on what happened. The Plaintiff had to stay in the hospital with intravenous treatment and take antibiotics for the condition. The Plaintiff had to stop daily activities at the prison just because of this careless treatment provided by the nurse. After Plaintiff returned from the hospital, he had no property at his disposal, leading him to use the same clothes that he was using in the hospital, which is an unhygienic way for any person to have to live. The Plaintiff should not have to experience all of these unsafe treatments by the Nurse Practitioners in the first place. This was the cause of the emotional distress.

E. Plaintiff may obtain punitive damages.

"Punitive damage can be awarded in a civil rights case where a jury finds a constitutional violation, even when the jury has not awarded compensatory or nominal damage" Alexander v. Riga 208 F. 3d 4198, 430 (3d Cir 2000) (citing Curtis v. Loether, 415 U.S 189 (1974). " A jury may be permitted to award punitive damages in an action under 1983 when the Defendant's conduct is shown to be motivated by evil nature or intent, or when it involves reckless or callous indifference to the federally practiced rights of others". Smith v. Wade 461 U.S 30, 56 (1983). ("This threshold applies even when the underlying standard of liability for compensatory damages is one of recklessness"). A. Acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner in the equivalent of recklessly disregarding that risk. Farmer v. Brennan 511 U.S 825, 836 (1994).

Accordingly, Plaintiff's claims of deliberate indifference to serious medical needs, at a minimum, may entitle him to punitive damages against Defendants if proven at trial. See; Douglass v Jin 2014 U.S Dist. Lexis 36514 al 5-7 (W.D Pa. Mar 20 2014); Paladino v Newsome, 2018 v Dist. Lexis 90 198 al 38 (D.N.J June 27, 2013) ("Denying motion to dismiss punitive damages demand and reasoning. It is generally a question of fact as to whether a defendant's conduct was motivated by an evil motive or invokes reckless indifference.')

<u>Conclusion</u>

For all of the above stated reasons, Plaintiff Oscar Prior-Ramirez respectfully submits the amended complaint.

Respectfully submitted,

Oscar Prior-Ramirez
SBI #543336-D

Dated: O 7 – 13 – 2020

Place: S. W. S. P.

I DECLARE UNDER THE PENALTIES OF PERJURY THAT MY ANSWERS TO THE FOREGOING QUESTIONS ARE TRUE TO THE BEST OF MY KNOWLEDGE.

Pro-Se Complaint

# ADMINISTRATION AND OFFICERS,

# "EXHIBIT A"

| Ref# SWSP18036981 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:10/21/2018 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Inquiry | Subject:Administration | Description:Other |
| Urgent:No | Time left:n/a | Status:Closed |

**Original Form**
*10/21/2018 11:02:17 AM : ( 000543336D ) wrote*
while in this acsu i told the officer that i needed a handicap cell. it was denied knowing that i'm a paraplegic. causing me tooo fall and sprain my ankle.and still they have not taken this serious enough to provide me with adequate treatment and housing.i informed the off that i needed to speak to a a sgt. annd he refused to allow me to speak with a supervisor.

**Communications / Case Actions**
*10/22/2018 9:24:53 AM : ( Luz Torres ) wrote*
Your issues is being refer to the Custody Department for investigation.

*10/30/2018 4:49:54 PM : ( Scot Chard ) wrote*
Your issue is with the MEDICAL DEPARTMENT and you have submit your complaint to them for your medical needs and medical discrepancies. As of 10/25/2018 you were transferred from ACSU to Facility 1

*11/3/2018 1:56:56 PM : ( 000543336D ) wrote*
I was transfered however it doesn't changes what happened to me at ACSU which i fractured my ankle. according to federal law and ADA. once you recieve federal funding you have to comply with ADA. which you failed to do so causing unreasonable risk of harm to inmate in your custody which is also eighth amendment violation. for the foregoing reason please render a final resolution to this matter.

*11/14/2018 9:43:00 AM : ( Linda Linen ) wrote*
You were advised on 10/30/18
Your issue is with the MEDICAL DEPARTMENT and you have submit your complaint to them for your medical needs and medical discrepancies. As of 10/25/2018 you were transferred from ACSU to Facility 1

| Ref# SWSP18036980 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:10/21/2018 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Administration | Description:ADA |
| Urgent:Yes | Time left:n/a | Status:Closed |

### Original Form

*10/21/2018 10:55:16 AM : ( 000543336D ) wrote*

while here at acsu. i told off. that i needed a handicap cell. they refuse to provide me with one. i fell and spained my ankle. my feet swelled to the size of an elephant foot. this is not suppose to be happenning. i should also note that the top bunk in this this cell is too low and can't move ofr sit up. the only thing i can use my bed for is to lay in in. it is difficult to get into the bed and out of it. note i'm a paraplegic and should not be going through this. please take care of this situation as soon as possible.
than you

### Communications / Case Actions

*10/22/2018 9:27:39 AM : ( Luz Torres ) wrote*
Duplicate Ref#18036981.  DO NOT submit the same issue twice.

*10/24/2018 7:08:40 PM : ( 000543336D ) wrote*
Your response did absolutely nothing to answer or resolve my complaint. You are leaving me no option other than to file litigation against this institution for non-compliance with ADA regulations and deliberate indifference to my serious medical needs.

*11/14/2018 10:14:32 AM : ( Linda Linen ) wrote*
Duplicate Ref#18036981. DO NOT submit the same issue twice.

# ADMINISTRATION AND OFFICERS,

# "EXHIBIT B"

| Ref# SWSP18041212 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:11/16/2018 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Administration | Description:Other |
| Urgent:No | Time left:n/a | Status:Closed |

<u>Original Form</u>
*11/16/2018 12:20:53 PM : ( 000543336d ) wrote*
Dear Mr. Powell,

    Sir, I am writing this in response to the response that I received which does not negate the fact that I was under your custody. They should have prevented any unnecessary injury by placing me in a cell that was not properly equipped for handicapped people.

    The issues with the medical department are commpletely seperate from your responsibilities to ensure safety for inmates.

    Respectfully,

<u>Communications / Case Actions</u>
*11/21/2018 8:24:19 AM : ( Luz Torres ) wrote*
Your housing unit was appropriate for ADA accommodation.

*11/21/2018 7:19:26 PM : ( 000543336d ) wrote*
i would like to know what part of the cell in ACSU is appropriate for a handicap? and who made this decision?

| Ref# SWSP19006449 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:02/11/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Administration | Description:ADA |
| Urgent:Yes | Time left:n/a | Status:Closed |

## Original Form
*2/11/2019 1:54:26 PM : ( 000543336d ) wrote*
Even though your last response on 11-14-18 indicated I was moved from ACSU to Facility 1, I am still living with the physical and mental burden associated with being placed by Custody in an improperly equipped housing cell (cell #1029 in ACSU), which resulted in me breaking my ankle on 10-12-18.
None of this should have ever happened because I should never have been placed in ACSU cell #1029.

## Communications / Case Actions
*2/20/2019 10:18:19 AM : ( Luz Torres ) wrote*
This form do not contain SPECIFIC information. Submit a new form with additional information.

*2/21/2019 2:53:42 PM : ( 000543336d ) wrote*
Please refer to my 10-21-18 grievance (Ref #18036980) and inquiry (Ref #18036981), both of which specifically state that I told the ACSU officer that I was a paraplegic and needed a handicapped equipped cell. I was refused an opportunity to speak to a supervisory sergeant. Not long after being placed in cell#1029, I fell and broke my ankle because the cell was not properly equipped to accomodate a physically handicapped wheelchair bound inmate.
Knowing that I was a paraplegic, why was I placed in cell#1029?
Why was I not allowed to speak to a sergeant?
Why was there not even an attempt to install support bars in the cell while I was there?
What were the results of the Custody Department investigation referenced in the 10-22-18 response from Administration?

*3/4/2019 1:28:38 PM : ( John Powell ) wrote*
Please be advised you received a response from Mrs. Torres on 2/20/19, which stated "This form do not contain SPECIFIC information. Submit a new form with additional information as requested.

# Dr. Sherita Latimore-Collier

## AS THE HEAD OF THE MEDICAL DEPARTMENT,


## "EXHIBIT C"

## South Woods State Prison-Facility One
Bridgeton, NJ
Fax:

### OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**10/16/2018 - Consultation Report: GENERAL SURGERY CONSULTATION**
**Provider: Victoria D'Amico, MSN, FNP-BC**
**Location of Care: NJ Department of Corrections**

GENERAL SURGERY CONSULTATION

10/16/2018

RE:  OSCAR PRIOR-RAMIREZ
DOB:  12/31/1979
SBI#:  000543336D
Ordering Provider:  coz6564

This is a telemedicine consultation done for a 38-year-old male, who is status post diverting colostomy for paraplegia and constipation. He is complaining of intermittent bleeding around the stoma and leakage of stool from the bag, no other complaints.

PAST MEDICAL HISTORY:
Paraplegia and gunshot wound.

PAST SURGICAL HISTORY:
Colostomy, sacral decubitus ulcer debridement.

PHYSICAL EXAMINATION:
He is alert and oriented, in a wheelchair.  Abdomen is soft, nondistended, and nontender.  Colostomy is viable with stool.

IMPRESSION:
The patient is status post diverting colostomy.

RECOMMENDATIONS:
Continue local wound care for the sacral decubitus and colostomy rod may be removed after 4 weeks and a new colostomy appliance should be applied so it has a better seal, so it will not leak.


Rajiv Shah, MD

mts/1913356/31


**Electronically Signed by Victoria D'Amico, MSN, FNP-BC on 10/18/2018 at 2:21 PM**

| Ref# SWSP18039037 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:11/02/2018 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Other |
| Urgent:No | Time left:n/a | Status:Closed |

Original Form
*11/2/2018 12:23:13 PM : ( 000543336d ) wrote*
Mr. Powell,

Sir, I am having unnecessary medical problems. However, on 9/26/18, I was taken to detention because I refused to go into G.P. because the medical dept. was not providing me with the correct supplies.

On 10/25/18, I was taken to phase 1. On 10/26/18, I went to see the nurse so she san provide me with supplies for one week.

I tried to explain to her that the brand hollister was working well for me.

I had no leakage or any other problems with it.

The brand I was given, Convatec Natura, leaks and does not stay attached. The nurse told me that I wanted a "Mercedes-Bens" when they can only provide me with a "Toyota."

The medical dept. at Southwoods is not considering the negative consequences of the convatec natura. This includes stress, depression, and sleep problems. (can only sleep on my back) or right side out of fear of leakage and if I sleep on my left side It also affects my pressure, that soars.

Thank you!


Communications / Case Actions
*11/7/2018 8:19:00 AM : ( Luz Torres ) wrote*
Your issues is being refer to the Medical Patient Advocate for investigation.

*12/5/2018 8:33:58 AM : ( Anthony Thomas ) wrote*
Thank you for your feedback. Medical has approved supplies to provide. If you're having an issue with them not fitting properly or leaking, this is something that must be discussed in nurse call or chronic care. I could find nothing recent in the record regarding this matter.

*12/16/2018 10:38:44 AM : ( 000543336d ) wrote*
I sent medical a request for supplies and also I requested by way of the kiosk. The nurse's response were out of place when she told me that Hollister supplies were like a mercedes benz. Not having the correct supplies is effecting me in adverse ways physically and mentally. thank you.

*1/18/2019 9:56:06 AM : ( Linda Linen ) wrote*
This is not an Appeal. If you have an additional question, you can submit a new inquiry.

# Dr. Sherita Latimore-Collier

## AS THE HEAD OF THE MEDICAL DEPARTMENT,

## "EXHIBIT D"

| Ref# SWSP19006764 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:02/13/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:n/a | Status:Closed |

## Original Form
*2/13/2019 1:37:51 PM : ( 000543336d ) wrote*
Dear Mr. Thomas:
I request that your office investigate the following matter:
An X-Ray on 10-12-18 confirmed that I had sustained acute trimalleolar fractures in my left ankle. Knowing this, I was still returned to the unsafe detention cell# 1029 instead of being moved to a more appropriate cell in ECU, where detention protocols could still have been enforced. Being placed back in an unsafe cell only risked further injury to my ankle. Inmates have been placed in ECU to receive proper medical attention for lesser injuries that what I suffered. I would hate to think that my previous complaints about inadequate medical supplies affected the decision making process.

## Communications / Case Actions
*3/14/2019 8:34:53 AM : ( Anthony Thomas ) wrote*
Thank you for your feedback. Reviewed. You did not meet criteria for ECU placement at that time. You were seen on 2/26 for follow up with the orthopedic specialist who removed the cast. No problems noted. Prior to that, no recommendations were made by the specialist for any special housing arrangements.

*3/16/2019 1:34:12 PM : ( 000543336d ) wrote*
I received my ankle cast on 10-18-18 at Trenton Clinic and had a consultation with Dr. Scott Miller. Dr. Miller indicated that I should be afforded a transfer board, a crutch support for my wheelchair, and that I should be housed in the SouthWoods infirmary unit instead of the detention unit. None of these things ever happened.
It is not up to me to decide where I am housed at SouthWoods. The Medical Department here at SouthWoods, however, knew on 10-12-18 that I had suffered a fractured ankle and they allowed me to stay in cell #1029 in detention, a cell that was never appropriate for a paraplegic, especially after I fell and fractured my ankle and did not have a cast for six days. I am still raising these issues because I have never received satisfactory responses and it takes several months to work through the grievance/appeal process. Previously, I submitted grievances concerning other issues, such as the quality of my medical supplies and how it was adversely impacting me.

*3/20/2019 8:28:36 AM : ( Linda Linen ) wrote*
This is not an Appeal. Please follow the proper procedure as it relates to the Inmate/Grievance System. You must first (1st) use an Inquiry Form for one (1) general question or concern. You cannot use a Grievance/Appeal as an Inquiry. Also, complete a MR-007 (Health Services Request Form) for your concern. No further action necessary.

## South Woods State Prison-Facility One
Bridgeton, NJ
Fax:

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**10/12/2018** - Emergency Report: Medical Emergency for cod e  53
Provider: Denise Schnee, RN
Location of Care: South Woods State Prison-Extended Care Unit

### Vital Signs
Ht: **74** in.  Wt: **unable** lbs.  inches

### Body Mass Index in-lb
**Height (in):** 74
**Weight (lb):** unable

### AST to Platelet Ratio Index (APRI)
**SGOT (AST):** 26
**Platelets:** 163 THOUSAND/UL

T: **97.8** deg F.  R: **20**  BP: **160/80**
**Radial Pulse rate:** 85    **Pulse Ox:** 98
**Blood Pressure:** 160/80 mm Hg

### Peak Flow

### Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

### Current Medication List (prior to visit):

HEMORRHOIDAL 0.25-14-74.9 % RECTAL OINTMENT (PHENYLEPHRINE-MINERAL OIL-PET) apply
TID PRN as directed
ROBAXIN 500 MG ORAL TABLET (METHOCARBAMOL) 1 po bid prn spasm x 12 mos
REGULOID 68 % ORAL POWDER (PSYLLIUM) 1 tablespoon in 8 oz water BID  constipation x 365 days
DOCUSATE SODIUM 100 MG ORAL CAPSULE (DOCUSATE SODIUM) 1 tab PO BID PRN constipation
x 365 days
ZANTAC 150 MG ORAL TABLET (RANITIDINE HCL) 1 tab PO BID PRN GERD x 365 days
LINZESS 145 MCG ORAL CAPSULE (LINACLOTIDE) Linzess 145 mcg PO daily x 7 days then increase
to BID  x 365 days
LACTULOSE ENCEPHALOPATHY 10 GM/15ML SOLN (LACTULOSE ENCEPHALOPATHY) 15 CC BID
PRN CONSTIPATION
SILVADENE 1 % CREA (SILVER SULFADIAZINE) DAILY TO WOUND  LEFT MEDIAL ASPECT OF
KNEE X 30 DAYS
BACITRACIN ZINC 500 UNIT/GM OINT (BACITRACIN ZINC) APPLY DAILY TO RIGHT LATERAL
THIGH X 30 DAYS

### Nurse SOAP Note-subjective
**Reason for visit:** Emergency Pass
**Chief Complaint:** left foot swollen.

**South Woods State Prison-Facility One**
Bridgeton, NJ
Fax:

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**Mental Health High-Risk Inquiry Incident:**

### Nurse Physical Exam

#### General

**Comments:** Medical staff responded to code 53 in detention at approximately 6am, pt alert awake oriented upon arrival. vitals stable. pt was sitting up straight on buttocks, states he had been sitting on toilet changing his colosotmy bag, when he slid off toilet to floor. left foot, ankle appears swollen. no other complaints. pt lifted gently back into wheelchair. pt states after fall, he scooted to cell door in front of door to get custody attention. no acute distress noted. to see provider today. will continue to monitor

### Respiratory System

### Breath Sounds
Pulse Ox: 98

### Plan
**Problem/Diagnosis List**
MAJOR DEPRESSIVE DISORDER, SINGLE EPI, FULL REMIS(A1)
PARAPLEGIA - T7 CORD INJURY WITH SURGICAL REPAIR (ICD-344.1) (ICD10-G82.20)
DVT - LLE (ICD-453.40) (ICD10-I82.409)
PARAPLEGIA (ICD-344.1) (ICD10-G82.20)
DEEP VENOUS THROMBOPHLEBITIS, HX OF (ICD-V12.52) (ICD10-Z86.72)

### Copay

**Medical Copay Charged: 5**

Allergies:**Orders/Referrals:**
Other Medical Equipment [EQ022]
Other Medical Equipment [EQ022]
Wheelchair [EQ021]
Housing: Lower Bunk Only [S005]
Other Medical Equipment [EQ022]
Other Medical Equipment [EQ022]
Other On Site Order [OT010]
Referral- Nursing to Mental Health [INRF099]
Other On Site Order [OT010]
Colostomy supplies [EQ010]
Other On Site Test (will print out) [OTP010]

**South Woods State Prison-Facility One**
  Bridgeton, NJ
  Fax:

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**10/12/2018 - Diagnostic Report Other: XRAY**
**Provider: Monica Tsakiris, APN**
**Location of Care: NJ Department of Corrections**

```
XRAY

ORDERING PROVIDER: MONICA MARIE TSAKIRIS

ANKLE COMPLETE, MIN 3V, LEFT
Results: Oblique fractures of the trimalleolar regions with mild malalignment.
Soft
tissue swelling.
Conclusion: Acute trimalleolar fractures.
Electronically signed by NICOLAUS J. KUEHN, M.D. 10/13/2018 12:31:34 AM EDT.


(SIGNED BY RADIOLOGIST): NICOLAUS KUEHN
DATE OF SERVICE: 10/12/2018
NAME: OSCAR PRIOR RAMIREZ
DOB: 12/31/1979
SBI#: 000543336D
Provider: MOBILEX
Code: 73610
```

**Electronically Signed by Monica Tsakiris, APN on 10/13/2018 at 10:51 AM**

**South Woods State Prison-Facility One**
 Bridgeton, NJ
 Fax:

**OSCAR PRIOR-RAMIREZ**
Male DOB:12/31/1979 Booking #:698645 SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**10/18/2018 - Consultation Report: ORTHOPEDICS CONSULTATION**
**Provider: Victoria D'Amico, MSN, FNP-BC**
**Location of Care: NJ Department of Corrections**

ORTHOPEDICS CONSULTATION

 <u>10/18/2018</u>

RE: OSCAR PRIOR-RAMIREZ
DOB: 12/31/1979
SBI#: 000543336D
Ordering Provider: coz6564

NEW JERSEY STATE PRISON ORTHOPEDIC CLINIC

The patient is a 38-year-old male with paraplegia. He apparently fell from a wheelchair injuring the left lower extremity. The patient was known to have a fracture of the distal tibia as a result of the fall.

X-rays show a "buckle-type" fracture of the distal tibia. In that, the patient is paraplegic and does not walk, there is no indication for surgical intervention or even obtaining a completely anatomic alignment.

When I evaluated the patient, I was able to manipulate the fracture slightly and put it in a more acceptable position. The patient was placed in a short-leg cast. The patient will need to be in this cast for the next 8 to 12 weeks. He should remain nonweightbearing. Of note, the patient is paraplegic. He should be afforded a transfer board to allow him to transfer from bed to wheelchair, so he does not have to prop up on the legs and put any pressure on the legs. Wheelchair should have a crutch support to keep his legs off the floor. The patient should have monthly x-rays. These can be re-evaluated while he is back at South Woods State Prison with monthly clinics there.

 <u>Scott Miller, MD</u>

mts/1941880/1

---

**Electronically Signed by Victoria D'Amico, MSN, FNP-BC on 11/27/2018 at 1:20 PM**

---

# Dr. Sherita Latimore-Collier

## AS THE HEAD OF THE MEDICAL DEPARTMENT,

# "EXHIBIT E"

**South Woods State Prison-Facility One**
Bridgeton, NJ
Fax:

April 1, 2019
Page 1
Consultation Report

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**02/26/2019 - Consultation Report: ORTHOPEDIC CONSULTATION**
**Provider: Lisa Renee Mills, RN, NP**
**Location of Care: NJ Department of Corrections**

ORTHOPEDIC CONSULTATION

02/26/2019

RE:  OSCAR PRIOR-RAMIREZ
DOB:  12/31/1979
SBI#:  000543336D
Ordering Provider:  cmsmi20

The patient is a 39-year-old male who presents for followup with a distal 3rd
tib-fib fracture.  The patient had been in a cast for 4 months.  The cast is
now removed.  The patient is allowed to start range of motion.  The patient is
a paraplegic, does not require any further treatment.  Regular foot care
should now be started.

Ahmar Shakir, DO

mts/2059517/31

---

**Electronically Signed by Lisa Renee Mills, RN, NP on 02/27/2019 at 6:40 AM**

**South Woods State Prison-Facility One**
  Bridgeton, NJ
  Fax:

*August 5, 2019*
Page 2
Office Visit

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

DVT - LLE (ICD-453.40) (ICD10-I82.409)
PARAPLEGIA (ICD-344.1) (ICD10-G82.20)
DEEP VENOUS THROMBOPHLEBITIS, HX OF (ICD-V12.52) (ICD10-Z86.72)

## Copay

**Medical Copay Charged:** 5
**Medication Copay Charged:** 0

Allergies:**Orders/Referrals:**
Other Medical Equipment [EQ022]
Other Medical Equipment [EQ022]
Wheelchair [EQ021]
Housing: Lower Bunk Only [S005]
Colostomy supplies [EQ010]
Other On Site Test (will print out) [OTP010]
Other Medical Equipment [EQ022]
Other On Site Order [OT010]
Other Medical Equipment [EQ022]
Other On Site Test (will print out) [OTP010]
Colostomy supplies [EQ010]
Dressing Change [OT002]
Dressing Change (will print out) [OTP002]
Other Medical Equipment [EQ022]
Other Medical Equipment [EQ022]
Dressing change supplies [EQ012]
Colostomy supplies [EQ010]
Other Internal Referral [INRF009]
Urine Analysis  - 5463 [5463]
Urine Culture  - 395 [395]
X-Ray, Ankle [XRCPT-73610]

## Orders to be Processed and/or Transcribed

### New or Changed Medications & Immunizations
ACETAMINOPHEN 325 MG ORAL TABLET (ACETAMINOPHEN) 2 tablets 2 times dailey for 5 days as needed.

### Labs, Consults, Tests&Procedures, Clearances, Restrictions, Referrals, etc.
X-Ray, Ankle [XRCPT-73610]

IM arrived with complaints of swelling and pain in L ankle that was fractured 6 months ago .Tylenol given for pain and x ray ordered. ICE given during vss
]

**Electronically Signed by Adrianne McHarness, RN, BSN on 07/11/2019 at 8:01 AM**

**South Woods State Prison-Facility One**
 Bridgeton, NJ
 Fax:

*August 5, 2019*
Page 1
Office Visit

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**07/18/2019 - Office Visit: Sick Call f/u nurse sick call**
**Provider: Lisa Renee Mills, RN, NP**
**Location of Care: South Woods State Prison-Facility One**

## Vital Signs
Ht: **74** in.  Wt: **w/c** lbs.  inches

## Body Mass Index in-lb
**Height (in):** 74
**Weight (lb):** w/c

## AST to Platelet Ratio Index (APRI)
**SGOT (AST):** 26
**Platelets:** 163 THOUSAND/UL

T: **98.4** deg F.  R: **18**  BP: **128/68**
 **Apical Pulse rate:** 78 **Rhythm:** regular **Quality:** Bounding
**Pulse Ox:** 97
**Blood Pressure:** 128/68 mm Hg

## Peak Flow

## Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

## Doctor Visit: subjective

## From Doctor Visit
**Reason for Visit:** Follow-Up
**Mental Health High-Risk Inquiry Incident:**

## Review of Systems
**Musculoskeletal:** left ankle and foot pain espc with transfers.   pt had a recent leg fx.  on arrival. that has since healed. pt is concerned that it has been fractured again

## Physical Exam

## Musculoskeletal
**Gait and station:** w/c paraplegia
**LLE:** l;eft foot with erythemia. and reddness.  full rom of foot and ankle with pain

## Assessment
**Does the patient understand the treatment plan?** Yes

**South Woods State Prison-Facility One**
Bridgeton, NJ
Fax:

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**Does the patient agree with treatment plan?** Yes
**Assessment:** r/o foot/ankle fx  in paraplegic

## Plan:
xrays

## Disposition
**Disposition:** return for followup
**Return in:** Prn

## Copay

**Medical Copay Charged:** 0
**Medication Copay Charged:** 0

## Orders to be Processed and/or Transcribed

**Labs, Consults, Tests&Procedures, Clearances, Restrictions, Referrals, etc.**
X-Ray, Ankle [XRCPT-73610]

**Electronically Signed by Lisa Renee Mills, RN, NP on 07/18/2019 at 10:48 AM**

# Dr. Sherita Latimore-Collier

## AS THE HEAD OF THE MEDICAL DEPARTMENT,

## "EXHIBIT F"

| Ref# SWSP19027634 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:06/26/2019 |
| --- | --- | --- |
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:19 Day(s) | Status:Appealed |

### Original Form
*6/26/2019 11:52:38 AM : ( 000543336D ) wrote*

Dear Mr. Powell,

On June 18, 2019, I went  down to Medical and seen the Provider, Mrs. Lisa R. Mills, to have SP Change on the visit, the provider Mrs. Mills at first tried to change my SP Tubing in my wheelchair. I told her she could not do it like that. I need to be laying down, so she did. I also notice that Mrs. Mills also still had the gloves on that she was wearing when I entered the exam room. She never changed  the gloves to a more sterile pair after seeing someone prior to my coming into the room.

I told her about this and she became upset with me. I explained that not using anew sterile technique can cause serious medical problems with my urine and I could get an infection while changing my urine extension tubing. She cut the connection in half and placed the wrong end to my SP Cath. and tossed the end that needed to be placed with with the harder rubber connection in the trash. I had told her that she  used the wrong end of the extension tubing. Continue Page Two

### Communications / Case Actions
*8/6/2019 9:57:36 AM : ( Anthony Thomas ) wrote*

Thank you for your feedback.  Your concerns will be forwarded to site leadership for investigation.

*8/29/2019 7:21:53 AM : ( 000543336D ) wrote*

This not the first time this happen to me and the serious concern I have is that my health is continued to be put in danger with the individuals  whom is running it and offering the treatment that's alot of the time not adequate nor proper and this indifference is what seriously concern me. It keep happening and allegedly they indicate it will be investigated but nothing positive happen to change the matter from the illegal practices. Thank you!

| Ref# SWSP19027707 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:06/26/2019 |
| --- | --- | --- |
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:18 Day(s) | Status:Appealed |

Original Form
*6/26/2019 6:41:59 PM : ( 000543336d ) wrote*
Mr. Powell
Continue Page Two
Of My Early 6/26/19
Medical Complaint
     That the end she used will slide off. She then notice that I was right and took the part she cut out tthe trash and changed it with the tubing she tried to use the first time. I explained to her I do not think she should be uusing the tubing that she took out  the trash, to use a new tubing connection, she then got upset with me and told me do not tell her how to do her job. So now, I have a urine track inefection and I receive 800 mgg sulfatrim  for the problem. All I want is sterile technique use for this process. She does not placed thhe  Cath. into my bladder the right way so hours later I do not see urine in my bag. I have  toreturn to have the process done over again that can be a danger to my health because my bladder can explode by holding my urine for so long. The only way I notice that my urine bladder was full was because my legs started to release sweat from them.  Please correct this matter!

Communications / Case Actions
*8/6/2019 9:58:07 AM : ( Anthony Thomas ) wrote*
Thank you for your feedback.   Your concerns will be forwarded to site leadership for investigation.

*8/28/2019 7:26:30 AM : ( 000543336d ) wrote*
On August 27, 2019, I was called down to  medical for a request form I submitted on August 25, 2019m explaining my last catheter change and how it been moved from every month to every two months. Mrs. Lisa Mills changed it to every two month. So when the two months had passt since my last cathether change I requested health care service dated August 25, 2019,  when I went down to medical for my request I was told that she will get around to it when she gets around to it right now was not important that she will cell me when she is ready to change my cathether my last cathether change was June 18, 2019 I have filed a grievance on this matter and still no  results.
     I went on Tuesday 27, 2019 to medical and was told that the change of my cathether was not urgent. I was seen by a nursem whom name escape me for now and then I seen Mrs. Mills, till no change of decision to correct/change it This matter can not continue to be a medical negative  toward my medical
concern. Thank you!

| Ref# SWSP19034059 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:08/08/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:18 Day(s) | Status:Appealed |

<u>Original Form</u>
*8/8/2019 12:25:56 PM : ( 000543336D ) wrote*
Dear Mr. Powell,

Sir, I am appealing the decision in reference to email response to refence number 19027634.

This is not the first time this has been happening to me. I should and is entitled to proper and adequate medical treatment. Especially as long as I am in thr Dept. of Corr. custody .

I should have been receiving proper medical sterile by the medical tech eith the correct medically and legally right way.

Unfortunately, the current medical care is not the proper care tthat II am suppose to receive from the  negative nurse conduct that be putting my life in danger and health in danger.

Please investigate this matter and thank you!
Sincerely


<u>Communications / Case Actions</u>
*8/14/2019 7:15:26 AM : ( Anthony Thomas ) wrote*
To appeal a case, you must reopen the previous reference number that you are disputing.

*8/28/2019 8:04:24 AM : ( 000543336D ) wrote*
Waiting on decision!

| Ref# SWSP19034135 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:08/09/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:18 Day(s) | Status:Appealed |

Original Form
*8/9/2019 7:07:14 AM : ( 000543336d ) wrote*
**Dear Mr. Powell,**

I am officially sending in this complaint in reference to Ref. Number 19019271. Because I am not receiving the legal and proper medical care for my specific condition. The treatment in the min. is what I should be entitled to.
I be entitled to receive proper medical steril by a tech. that does medically and legally the right way.
Especially given the care I am presently receiving is not free and I am charged for the wrong conduct and treatment by the nurses whom have been putting my life in danger with the inadequate medical care.
Could this matter please be investigated! I appreciate your time and consideration iin this matter.
Sincerely


Communications / Case Actions
*8/13/2019 9:01:15 AM : ( Anthony Thomas ) wrote*
**You must appeal the reference number that you are speaking of - 19019271.  Open that form to appeal it.**

*8/28/2019 7:27:18 AM : ( 000543336d ) wrote*
**Waiting on a decision!**

# MEDICAL COMPLAINT TO MRS. LINDA R. MILLS,

# "EXHIBIT G"

**Form: IRSF- 103**
**N.J.A.C. 10A:1-4**

# NEW JERSEY DEPARTMENT OF CORRECTIONS
## INMATE REMEDY SYSTEM
### REDIRECTION FORM

Revised 4/2014

(4)

INMATE'S NAME: Oscar Prior-Ramirez   SBI#: 5433360

Location/Housing Unit: HILL

---

**The below corrective information should be used and followed when submitting for information to Institutional staff on a first time basis. Please take the action noted next to the letter X.**

1. [X] You must complete the following form marked below and place it into the correct box or send by Truck Mail.
   - [ ] Education/Law Library Form and Box.
   - [X] DOC, Health Services Request Form and Box (MR-007)
   - [ ] Office of the Ombudsman, Request Form and Box.
   - [ ] I/M Claim for Lost, Damage Prop (Form 943-1)
   - [ ] DOC Government Records Request Form (OPRA)
   - [ ] Request for copies of Medical/Dental Records (MR 022, 301-XII)
   - [ ] NJDOC Inquiry Form

2. [ ] You must submit a NJDOC Job Change Form. Once you have completed the form, it must be handed in to your detail supervisor. **Only** the detail supervisor can turn your request into Classification; **OR** A Staff member must submit a staff referral. The staff member must deliver the referral to the appropriate department. **ONLY** staff members can follow-up on completed forms.

3. [ ] Please see your Unit Social Worker to complete the appropriate forms for programs, other related services, and information to include but not be limited to: Social Security Card, Birth Certificate, ISP, Cage Your Rage, STARS, SBALL, HOPE and Thinking for a Change.

4. [ ] The form you submitted did not contain SPECIFIC information. Please add additional information and resubmit.

5. [ ] Your Inmate Grievance Form/ Inmate Inquiry form contained more than one (1) question, which cannot be handled on the same form. Please familiarize yourself with information on the Remedy System that is listed in the Inmate Handbook and resubmit another Inmate Grievance Form/ Inmate Inquiry Form.

6. [ ] Your Inmate Grievance Form/ Inmate Inquiry Form was deposited into the _____ Box. Please place your Inmate Grievance Form/ Inmate Inquiry Form into the Box Marked "Inmate Remedy System".

7. [ ] To process, correct or update the NJDOC Telephone IPIN system you need to follow the below process: (Up to 30 days to process forms)
   - [ ] NJDOC IPIN Assignments UPDATES will be completed on a quarterly basis within your current facility.
   - [ ] Telephone System Discrepancy form can be completed at any time, please return/deposit into the _____

8. [ ] The information that you submitted must be placed on the **Inmate Inquiry Form** or **Inmate Grievance Form** and placed into the **Inmate Remedy System Box.** This will ensure proper tracking of your request.

9. [ ] You submitted the attached letter, form or application into the Inmate Remedy System Box. That box is for the Inmate Remedy System Forms (Inmate Grievance Forms/ Inmate Inquiry Forms) only. Please place the letter, form or application into the US Mailbox or _____

10. [ ] You cannot use Inmate Inquiry Forms/ Inmate Grievance Form for DOC disciplinary charges or DOC disciplinary charge appeals.

11. [ ] You submitted your request to the person or department not authorized to handle the Inmate Grievance Forms/ Inmate Inquiry Forms. The form must be placed into the Inmate Remedy System Box in order to be processed correctly.

12. [ ] Your request for Face Sheets, Progress Notes, and Psychological or Medical evaluations cannot be processed. That information is provided or conducted during specific times during your incarceration.

13. [ ] Your request for an updated adjusted Max Date and/or Parole Eligibility Date (PED) is being returned because that information is now provided on a monthly basis on your Inmate Trust Account Statement for informational purposes only. If you feel your max and/or parole information is in error, justify the error and submit another Inmate Inquiry Form. It should also be noted that your **work & minimum** credits **DO NOT** get updated at the same time as your Inmate Pay.

14. [ ] You cannot write or mark in the shaded area of the Inmate Inquiry Form or Inmate Grievance Form.

15. [ ] Your form is a follow-up question or Appeal to a previous submitted Inmate Grievance Form. You must re-submit your answered form, within 10 days of receipt, with additional information, within Part 4 and place it into the Inmate Remedy System Box for further processing.

16. [ ] This is a duplicate request that is not permitted. Staff is granted up-to a 30-day response time for Inmate Grievance Forms and 15 days for Inmate Inquiry Forms.

17. [ ] The facility uses an approved Institutional/Department form to handle this matter. The form is _____ and the form can be received from your _____

18. [X] Other Attach your concern to the Highlighted Form & place in the Medica

From: Mr. Oscar Prior Ramirez
#543336-D
Southwoods State Prison
215 South Burlington Road
Bridgeton, New Jersey 08302


Presently Confined


June 27, 2019


To: Executive Director
Board of Nursing
124 Halsey Street
P.O. Box 45010
Newark, New Jersey
07101

To: Mr. Marcus  Hicks
Acting Commissioner
N.J. Dept. of Corr.
Central Office
Whittlesey Road
P.O. Box 863
Trenton, New Jersey
08625-0863


To: Mr. Gurbir S. Grewal, Esq.
Attorney General
State of New Jersey
Dept. of Law and Public
Safety, R.J. Hughes Justice
Complex, 25 W. Market Street
P.O. Box 080
Trenton, New Jersey
08625-080

To: Mr. John Powell
Administrator
Southwoods State Prison
215 South Burlington Rd.
Bridgeton, New Jersey
08302


Re: Continuing Medical Malpractice
Conducted By Mrs. Lisa Reene Mills
Doctor Assistant, Here At Southwoods
State Prison.


Dear Sir./Madam:

I am officially lodging this serious medical complaint
that the medical malpractice ill conduct is such that I developed
a urine track infection and her ongoing illegal medical
indifference conduct is a endanger to my health and well being,
as life.

1

However, On June 18, 2019, I went down to the Medical Dept. and seen the medical provider, Mrs. Lisa Reene Mills, to have a SP Change on the visit the provider, Mrs. Mills at first tried to change my SP Tubing in my wheelchair, I told her she could not do it like that, I need to be laying down. So, she did! I also notice that Mrs. Mills as well still had the gloves on that she was wearing when I initially and first entered the exam room. She never changed the gloves to a more sterile pair. I told her and she became very upset. I explained that not using sterile technique can cause problem with my urine and I can get an infection while changing my urine extension tubing. She cut the connection in half and placed the wrong end to my SP Cath. and tossed the end that needed to be placed with the harder rubber connection, into the trash. I told her that she use the wrong end of the extension tubing. That the end she used will slide off. She then notice that I was right and took the part she cut out the trash and changed it with the tubing she tried to use the first time.

I explained to her, I do not think she should be using the Tubing that she took out the trash, to use a new Tubing Connection. She then got upset with me and told me do not tell her how to do her job.

So, now I have a urine track infection and I receive 800 mg. Sulfatrim for the problem. All I want is sterile technique use for this process.

2

Mrs. Mills, does not place the Cath. into my bladder the right way, so hours later, I do not see urine in my bag and I have to return to have the medical process done over again that can/is a dangerous situation to my over all health because my bladder can explode by holding my urine for so long.

The only way I noticed that my urine bladder was full is because my legs started to release sweat from them.

Therefore, is there anyway when I have this serious medical process done, can someone else with proper medical sterile techniques do it or be there to make sure its done medically and legally the right way?

I appreciate your time and the consideration given to this serious medical complaint, as welcome your response in same. Thank you!

Respectfully submitted,

X _____
Oscar Prior Ramirez
#545336-D
Affiant, S.W.S.P.


Att./Encl. (SWSP Inquiry Form
           Informing Administrator
           Of Medical Issues)
OPR/kj

3

# NJDOC INMATE INQUIRY FORM

**Must Be Placed In The Inmate Remedy System Box**

## Complete One Form For Each Department / Program / Service.

(MARQUE SOLAMEME UN DEPARTAMENTO / PROGRAMA / SERVICIO POR FORMULARIO)

*Jan. 12, 2019; with the attached!*

(5)

| ADMINISTRATION |
|---|
| ☐ Housing Status |
| ☐ Program Removal |
| ☐ Reinstate Contact Visit |

| BUSINESS OFFICE |
|---|
| ☐ Business Remits / Receipts |
| ☐ Check / Money Order |
| ☐ Fine Payments |
| ☐ Refunds |
| ☐ State Pay |
| ☐ Statements |

| CLASSIFICATION |
|---|
| ☐ Citizenship |
| ☐ Detainers / Open Charges |
| ☐ Institutional Transfer |
| ☐ Interstate Status |
| ☐ Job Eligibility |
| ☐ Problem w/ Sentence Calc. |
| ☐ Restoration of Comm Time |
| ☐ SASRC |
| ☐ Status |
| ☐ Work Credit |

| CUSTODY |
|---|
| ☐ Cell Moves |
| ☐ General |
| ☐ Housing Unit Issues |

| CUSTODY / MAILROOM |
|---|
| ☐ Status on Purchases |
| ☐ Incoming Mail |
| ☐ Legal Mail |
| ☐ Outgoing Mail |

| EDUCATION / LAW LIB |
|---|
| ☐ Certificates |
| ☐ College Courses / GED / Classes |
| ☐ Programs |
| ☐ Legal Call |
| ☐ Paralegal Assist / Supplies |

| FOOD SERVICES |
|---|
| ☐ Denied / Not Received Diet |
| ☐ Food Allergies |
| ☐ Food Issues / Prep |
| ☐ Proper Special Diet |

| MEDICAL / MENTAL HEALTH / DENTAL |
|---|
| ☐ Class Sign-up / Completed Programs |
| ☐ Concerns |
| ☐ Co-Pay Refunds |
| ☐ Emergencies |
| ☐ Eye Glasses |
| ☐ Medical Records |
| ☐ Medication |
| ☐ M007 Form |
| ☐ Referrals |
| ☐ Dental |

| PAROLE |
|---|
| ☐ Address Change / Parole Plan |
| ☐ Opt Out of Parole Hearing |
| ☐ Parole Board Hearings |
| ☐ PED Calculations |

| RCRP COMM. PROGRAMS |
|---|
| ☐ Denial of Program |
| ☐ Eligibility Criteria |
| ☐ Status of Application |

| RELIGIOUS SERVICES |
|---|
| ☐ Certificate Completions |
| ☐ Religious Classifications |
| ☐ Religious Diets |
| ☐ Religious Items |

| SOCIAL SERVICES |
|---|
| ☐ Family Emergency |
| ☐ Marriage Request |
| ☐ Program Enrollment / Completion |
| ☐ Release ID / BC / SSN Card / MVC / Vet Asst. |
| ☐ Release Planning |
| ☐ SSI / SSDI / Affordable Healthcare |
| ☐ TDD |
| ☐ Others |

| SID |
|---|
| ☐ K/S |
| ☐ PC |
| ☐ STG |
| ☐ Visitor Ban |

| VISITS |
|---|
| ☐ Denied Visitors |
| ☐ Ex-Offender Visits |
| ☐ Issues at Visits |

| OSAPAS |
|---|
| ☐ Living in Balance |
| ☐ N/A and A/A |
| ☐ Engaging the Family |
| ☐ RPP |

## THIS SECTION TO BE COMPLETED BY INMATE

Inmate Name: Oscar Major Ramirez    Date: 10-27-19
State Number: _____    SBI#: 51 35 36-D
Housing Unit: 1-H-1-1-L    Work Detail Hours: Cell San.
REQUEST:

Mr. Powell, Administrator, SWSP
See Attached 3-pages of Medical
Complaint.    Thank You!
C: OPR / KS

## FOR OFFICIAL USE ONLY

*(PARA USO OFICIAL SOLAMENTE - NO ESCRIBA EN EL AREA SOMBREADA)*

**Date Received:**
**Staff Receiving Request:**

**THIS FORM CANNOT BE PROCESSED:**

(Usted ha sido citado para entrevista en)
You have been scheduled for an interview on: _____
Check the Daily Appointment Schedule for your name.

Staff Response: #1 + #18

IF YOU NEED ASSISTANCE IN COMPLETING THIS FORM, SEE YOUR HOUSING UNIT SOCIAL WORKER
(SI USTED NECESITA AYUDA COMPLETANDO ESTE FORMULARIO, VEAA SU TRABAJADOR SOCIAL DE UNIDAD)

Distribution:  (Original) Department Copy
(Yellow) Inmate's Copy With Response
(Pink) Inmate Copy

Form IRSF-101



# State of New Jersey
## OFFICE OF THE CORRECTIONS OMBUDSMAN
WHITTLESEY ROAD
P.O. BOX 855
TRENTON, NJ 08625

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

DAN DIBENEDETTI
*Corrections Ombudsman*

July 22, 2019

Oscar Prior-Ramirez #543336d
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Dear Mr. Prior-Ramirez:

This correspondence will acknowledge your letter to the Office of the Attorney General dated June 27, 2019 that was referred to the Office of the Corrections Ombudsman and received on July 22, 2019 regarding medical care.

Please be advised that I have referred your concerns regarding medical to the University Correctional Healthcare Statewide Medical Patient Advocate and Department of Corrections Director of Medical Services, as well as other Medical staff.

As there are no medical staff in our office, the individuals you were referred to will review your complaint and your medical record. Based on their review, they will decide the appropriate course of action.

I hope that you find this information to be of help to you.

Sincerely,

Melissa Matthews
Assistant Ombudsman

C:  file

*exhibit: 6*

*New Jersey Is An Equal Opportunity Employer • Printed on Recycled and Recyclable Paper*

# MEDICAL COMPLAINT TO MRS. LINDA R. MILLS,

# "EXHIBIT H"




**PHILIP D. MURPHY**
*Governor*

**SHEILA Y. OLIVER**
*Lt. Governor*

### *New Jersey Office of the Attorney General*

Division of Consumer Affairs
New Jersey Board of Nursing
124 Halsey Street, 6th Floor, Newark NJ 07102
http://www.njconsumeraffairs.gov/nur

**GURBIR S. GREWAL**
*Attorney General*

**PAUL R. RODRIGUEZ**
*Acting Director*

**Mailing Address:**
P.O. Box 45010
Newark, NJ 07101
(973) 504-6430

July 23, 2019

<u>**Regular Mail**</u>
Mr. Oscar Prior Ramirez
#543336-D
Southwoods State Prison
215 South Burlington Road
Bridgeton, New Jersey 08302

<u>**Re: Ramirez V. Mills, RN**</u>

Dear Ms. Sir or Madam:

The New Jersey State Board of Nursing (the "Board") is in receipt of your complaint regarding the above-referenced licensee.

Please be assured that the allegations contained in your correspondence will be fully reviewed. You should know that because of the complex nature and number of complaints received by this Board, I cannot give you any specific indication as to when that review will be completed. Please keep in mind that to properly evaluate a complaint and the response from the above licensee, and then formulate a final evaluation, is a time-consuming process. Your patience and understanding are appreciated.

Please be advised that this office does not have any authority to waive, or in any way affect, the statute of limitations. If you believe you have any legal rights or remedies, you must proceed within the legal framework separate from the Board's inquiry and ultimate findings.

You will certainly be advised in writing when a final determination has been made with respect to your complaint against the above mentioned licensee.

Very truly yours,

NJ STATE BOARD OF NURSING

*Exhibit: H*

*Joanne Leone*

Joanne Leone, Executive Director
New Jersey State Board of Nursing

| Ref# SWSP19036750 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:08/27/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:26 Day(s) | Status:Appealed |

#### Original Form
*8/27/2019 12:07:07 PM : ( 000543336d ) wrote*
Dear Mr. Powell,

Sir, I am writing this official administrative appeal in reference to Inquiry decision in/on reference number 19027634.

That since I have been writing my constitutional rights grievances its been over 2 months that my Cathether has been changed.

And, this is a serious and grave health concern to my well being and the risk of my getting infections that indeed will make my health concern worse.

Therefore, this is my only option but to write an official complaint about my lack of proper and adequate medical treatments and care.

Moreover, Mr. Powell, I have not received health care treatment on time as I should have been. My medical records will demonstrate the changes I been receiving for my Cathether. From once a month to twice a month, tto now no longer that that.

Could this serious medical issues be investigated and resolved soon as possible, please. Thank you for your time and the consideration in this matter.
Sincerely

#### Communications / Case Actions
*9/4/2019 10:36:55 AM : ( Anthony Thomas ) wrote*
Unless there is a problem that requires immediate or more frequent changes, suprapubic catheters are changed every 1-3 months.

*9/4/2019 11:32:40 AM : ( 000543336d ) wrote*
I am just asking that the cathether be changed pursuant to the ADA ACT and the Rehabilitation Act with some consistance and with proper health care.

I appreciate your time and the consideration given to this investigation of my being targeted because I use my right to file grievances in improper and illegal medical care given to me or the lack of same.

My being in prison does not give the medical dept. here, nor NJ Dept. of Corr. a license to deprived me adequate and legal proper health care, especially given I am disable and covered by thhe ADA ACT ad the Rehabilitation ACT.

I appreciate the time given to this serious matter and welcome a reasonable resolve. Thank you!
Sincerely

| Ref# SWSP19036751 | Housing:SWSP-FAC 1-H1-1L-1002 R-D | Date Created:08/27/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:26 Day(s) | Status:Appealed |

Original Form
8/27/2019 12:13:45 PM : ( 000543336d ) wrote
Dear Mr. Powell,

    I am appealing a decision in reference number 19027707, surrounding my health.

    The particular health care provider Ms. Monica Tsakiris, APN, from facility 3 changed my Cathether once every month. I moved to facility 1, The provider Mrs. Lisa Renee Mills, RN, NP moved my changed to every 2 months.

    This grave and drastic changed demonstrates a medical indifference to my health care and well being and since the writing of the grievances, it seems that I am illegally being retalitated against because of the excerise of my constitutional rights to redress via. grievances.

    Could this serious matter be investigated soon as possible, please. I appreciate your time and the consideration in this matter.
Sincerely


Communications / Case Actions
9/4/2019 10:35:31 AM : ( Anthony Thomas ) wrote
Unless there is a problem that requires immediate or more frequent changes, suprapubic catheters are changed every 1-3 months.

9/4/2019 11:24:19 AM : ( 000543336d ) wrote
I am only requesting that my medical care and treatment be consistence each time and I not be targeted, if you will because I excercise my State and Federal Constitutional Rights to Redress Grievances because of some of the illegal and un-proper medical indifference treatment that I been given here and there.

    And to take something from out a garbadage can and try to usse it on me and/or insert it in me, is beyond any medical
ethhics of being proper.

    This can not be the first time of such it just so happen I was paying great attention and seen this illegal medical act and I spoke up about you can not use anything on me or iinsert inside of me that was taken ouot a trash can.

    My ADA ACT and Rehabilitation ACT treatment are not to be discriminated against like I am presently receiving here in SWSP. as have received here in SWSP.

    I appreciate your time and the consideration given to a serious investigation into this matter. Thank you!
Sincerely

# MEDICAL COMPLAINT TO CHRISTINA CARMAN,

# "EXHIBIT I"

**South Woods State Prison-Facility Three**

Bridgeton, NJ
Fax:

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/23/2019 - Clinical Lists Update: Verbal Orders Given to RN - 11/22/2019 at 7:19pm**
**Provider: Catherine LaRue, DO**
**Location of Care: Bayside State Prison**

### Telephone Orders

**Orders per Physician:**

R/O sepsis 2/2 UTI

Tachy to 130. Subjective fevers and chills.
Gross hematuria per RN.
Chronic catheter 2/2 paraplegia.

Threat for decompensation en route therefore sending 911.

### Problems/Allergies/Observation Changes

### Orders to be Processed and/or Transcribed

**Electronically Signed by Catherine LaRue, DO on 11/23/2019 at 7:10 PM**

**South Woods State Prison-Facility Three**
  Bridgeton, NJ
  Fax:

*February 12, 2020*
Page 1
Office Visit

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/22/2019 - Office Visit: Nurse Soap for TEMP/HEMATURIA/TACHY**
**Provider: Tiffany Y. Pipitone-Hand, Nurse Man**
**Location of Care: NJ Department of Corrections**

## Vital Signs
Ht: **74** in.  inches

## Body Mass Index in-lb
**Height (in): 74**

## AST to Platelet Ratio Index (APRI)
**SGOT (AST):** 26
**Platelets:** 163 THOUSAND/UL

T: **99.6** deg F.  T site: **tympanic**  R: **20**  BP: **132/82**
**Radial Pulse rate:** 122  **Pulse Ox:** 98
**Blood Pressure:** 132/82 mm Hg

## Peak Flow

## Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

**Current Medication List (prior to visit):**

REGULOID 58.6 % POWD (PSYLLIUM) 1 dose as directed daily x 12 mos
DOCUSATE SODIUM 100 MG CAPS (DOCUSATE SODIUM) 1 po bid prn constipation x 12 mos
LINZESS 145 MCG ORAL CAPSULE (LINACLOTIDE) 1 po daily x 12 mos
EUCERIN   CREA (SKIN PROTECTANTS, MISC.) apply topically to feet daily x 12 mos
CIPROFLOXACIN HCL 500 MG TABS (CIPROFLOXACIN HCL) 1 tab PO BID x 10 days

**Mental Health High-Risk Inquiry Incident:**
**Review of Systems**
**General:** This compound nurse call called by LPNs to evaluate his inmate with supra pubic
tube/hematuria.  Upon arrival inmate was anxious, sweaty.  Inmate c/o fever and chills and indicated that
today he had a supra pubic cath inserted after not having a new one for 3 months.  collection bag with 325
cc bloody urine + clots.  Insertion site with bloody drainage to dressings. pt indicated that when he usually
gets a new cath it bleeds a little and soon after urine starts to drain (not bloody).  He also indicated that by
this time he would have emptied his 750CC bag x 2 for 1500 cc output.  He stated today, after insertion, "it
bleed more than usual and he did not start putting out urine for 3-4 hours".  He indicated that all he has put
out is half a bag of 325 cc "urine today and it's bloody".  He is complaining of feeling bloated in belly, legs
and scotal area and chest feels full and is racing.  He also complained that he is leaking blood from his
penis. Penis noted to be puffy about 3/4 of shaft starting at base. EKG completed/machine interprets as
tachy/enlargement (OLD).  Oncall notified and ordered pt to be sent out 911.

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**Cardiovascular:** Denies chest pains, palpitations, syncope, dyspnea on exertion, orthopnea, PND, peripheral edema. Pt complained of heart racing
**Respiratory:** Denies cough, dyspnea, excessive sputum, hemoptysis, wheezing.
**Gastrointestinal:** Denies nausea, vomiting, diarrhea, constipation, change in bowel habits, abdominal pain, melena, hematochezia, jaundice.
**Genitourinary:** Complains of hematuria, discharge, urinary hesitancy. Denies dysuria, urinary frequency, nocturia, incontinence, genital sores, decreased libido.
**Skin:** supra pubic insertion site with silver dollar size bloody drainage noted to dressings

## Nurse Physical Exam

### Cardiovascular System
**Skin Temperature:** Abnormal
**Location:** skin temp is warm

### Respiratory System
**Breathing:** Normal
**Cough:** Not Present
**Chest:** Symmetrical

### Breath Sounds
**Breath Sounds Normal:** Yes
**Pulse Ox:** 98

### Abdomen
**Bowel Sounds in all 4 Quadrants** Yes
**Rebound Tenderness:** No
**Distention:** Yes
per inmate
**Vomiting:** No
**Diarrhea:** No
**Jaundice:** No

### Male GU
**Bleeding:** Yes
**Lesions:** No
**Discharge:** Yes
bloody
**Lumps:** No
**Warts:** No
**Infestations:** No
**Scrotum:** Abnormal
swelling noted

## Nurse Physical Exam

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

### Skin
**Edema:** Present
**Integrity:** Intact
except cath site
**Turgor** Normal
**Warm & Dry:** No
sweaty
**Swelling:** Yes

**Does the patient understand the treatment plan?** Yes
**Does the patient agree with treatment plan?** Yes

### Nursing Assessment

### Comfort
   **Diagnosis:** actual
   **Details/Comments:** 911 consent signed

### Plan
**Problem/Diagnosis List**
MAJOR DEPRESSIVE DISORDER, SINGLE EPI, FULL REMIS(A1)
PARAPLEGIA - T7 CORD INJURY WITH SURGICAL REPAIR (ICD-344.1) (ICD10-G82.20)
DVT - LLE (ICD-453.40) (ICD10-I82.409)
PARAPLEGIA (ICD-344.1) (ICD10-G82.20)
DEEP VENOUS THROMBOPHLEBITIS, HX OF (ICD-V12.52) (ICD10-Z86.72)

### Copay

**Medical Copay Charged:** 5
**Medication Copay Charged:** 0

Allergies:**Orders/Referrals:**
Other Medical Equipment [EQ022]
Other Medical Equipment [EQ022]
Wheelchair [EQ021]
Housing: Lower Bunk Only [S005]
Colostomy supplies [EQ010]
Other On Site Test (will print out) [OTP010]
Other Medical Equipment [EQ022]
Other On Site Order [OT010]
Other Medical Equipment [EQ022]
Other On Site Test (will print out) [OTP010]
Colostomy supplies [EQ010]
Dressing Change [OT002]
Dressing Change (will print out) [OTP002]
Other Medical Equipment [EQ022]

**South Woods State Prison-Facility Three**            *February 12, 2020*
  Bridgeton, NJ                                                Page 4
  Fax:                                                    Office Visit

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

Other Medical Equipment [EQ022]
Dressing change supplies [EQ012]
Colostomy supplies [EQ010]
Other Internal Referral [INRF009]
Urine Analysis  - 5463 [5463]
Urine Culture  - 395 [395]
X-Ray, Ankle [XRCPT-73610]
X-Ray, Ankle [XRCPT-73610]
Other Internal Referral [INRF009]
Difficulty and/or Pain on Urination Protocol [NP018]
Emergency Room Consult [REF035]

## Disposition:
**Return In:** PRN

## Orders to be Processed and/or Transcribed

**Labs, Consults, Tests&Procedures, Clearances, Restrictions, Referrals, etc.**
Emergency Room Consult [REF035]

]

**Electronically Signed by Tiffany Y. Pipitone-Hand, Nurse Man on 11/24/2019 at 2:15 AM**

**South Woods State Prison-Facility Three**                              *February 12, 2020*
  Bridgeton, NJ                                                                                    Page 1
  Fax:                                                                                        Internal Other

## OSCAR PRIOR-RAMIREZ
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/23/2019 - Internal Other: Chart Note for UR Call Transfer Note.**
**Provider: Georgia Smith, RN**
**Location of Care: Mountainview Youth Correctional Facility**

### Chart Note

**Narrative:**
```
2:10 am Called Dr. Latermore-Collier. Approval granted. Transfer Inmate/
Patient from Inspira ER to direct admit to SFMC room 541 bed 1.
Prior-Ramirez, Oscar Booking 698645  SBI  543336D
Home Prison South Woods State Prison.
Diagnosis Urosepsis / Suprapubic Catheter Infection.
Inspira Attending MD Dr. Kabir
SFMC Accepting MD  Dr. Mavhar
Called Compax Ambulance Service.
Transport by Millville Ambulance Service pick up time 8:00 am.
The following Called. Reported pick Up time.
Inspira U/C Rachel
SFMC Sgt. Burns
SFMC Nursing Supervisor Mary
SWSP Lt. Almanza
.......................................................Georgia Smith, RN
November 23, 2019 3:00 AM
```

## Problems/Allergies/Observation Changes

## Orders to be Processed and/or Transcribed

**Electronically Signed by Georgia Smith, RN on 11/23/2019 at 3:00 AM**

**South Woods State Prison-Facility Three**                    *February 12, 2020*
 Bridgeton, NJ                                                                   Page 1
 Fax:                                                                Hospital Admission

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/26/2019 - Hospital Admission: Chart Note for SFMC Update**
**Provider: Sherlito Deduro, RN**
**Location of Care: UMDNJ Regional Office**

## Chart Note

As Per Urology Note:

Resolved gross hematuria in setting of chronic suprapubic tube for neurogenic bladder and UTI
-SPT to gravity
-Await CT Urogram for upper tract survellience
-Antibiotics per primary team
-SP Tube needs to be changed on a *monthly* basis at facility, instead of bi- or tri-monthly. Encrusted suprapubic tube places patient at risk of recurrent infections/poor drainage and likely the source of his hematuria. He may ultimately require outpatient cystoscopy which can be ascertained at follow-up visit.

## Orders to be Processed and/or Transcribed

**Electronically Signed by Sherlito Deduro, RN on 11/26/2019 at 10:28 AM**

# MEDICAL COMPLAINT TO CHRISTINA CARMAN,

# "EXHIBIT J"

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

*December 16, 2019*
Page 1
Transcription

**OSCAR PRIOR-RAMIREZ**
Male DOB:12/31/1979 Booking #:698645 SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/28/2019 - Transcription: DISCHARGE SUMMARY**
**Provider: SFMC SFMC**
**Location of Care: NJ Department of Corrections**

```
01
Patient Name:OSCAR  PRIOR-RAMIREZ
Medical Record Number: 376169
Encounter Number: 401900679372
Admission Date: 11/23/2019Discharge Date:
---------------------------------------------------------------
--
```

CHIEF COMPLAINT:
Fever, chills, hematuria.
HISTORY OF PRESENT ILLNESS:
The patient is a 39-year-old Hispanic gentleman, resident of the Southwood
Prison, brought on account of the above. The patient apparently gets his
suprapubic catheter change every couple of months and this time it was about 3
months. He says that the suprapubic catheter was inserted. It did not go in
properly. They had to take it out and reinsert it, after that he started
experiencing the above symptoms. Also, he had hematuria.
HOSPITAL COURSE:
Upon admission to the hospital, the patient was evaluated with blood cultures,
urine cultures and started on broad-spectrum antibiotic. By the next day, his
urine cleared completely. Urine culture did not grow any obvious bacteria
neither did the blood culture.
Urology had been consulted. The patient upon assessment with Urology was
evaluated with a CT urogram. On 11/27/2019, the CT urogram was read as
findings suggestive of cystitis and/or neurogenic bladder. The patient has a
known neurogenic bladder; however, there was no renal or ureteral calculi.
There was no hydronephrosis.
The patient was started on oral antibiotic therapy. He tolerated the oral
antibiotic therapy well. He was evaluated by Urology. Urology had felt that
the CT urogram was unremarkable overall. Antibiotics were suggested. The
patient's urologist recommended his suprapubic tube to be changed on a monthly
basis at the facility.
The patient is being discharged for followup outpatient.
FINAL DIAGNOSES:
1. Urinary tract infection secondary to suprapubic catheter.
2. Constipation.
3. Depression.
4. Hypokalemia.
MEDICATIONS ON DISCHARGE:
The patient is going to be discharged with ciprofloxacin 500 mg twice a day
for
a total of 2 days after discharge from the hospital. His other medications
include,
1. Psyllium husk.
2. Linzess.
3. Docusate sodium.
4. Colloidal oatmeal for eczema relief.
INSTRUCTIONS:
The patient's suprapubic catheter should be changed on a monthly basis as
guided
by the urologist.

**South Woods State Prison-Facility Three**
  Bridgeton, NJ
  Fax:

*December 16, 2019*
Page 2
Transcription

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

Signed by Brahmbhatt, Rajmayur M.D. on 28 Nov 2019 13:50:21 GMT

**Signed before import by SFMC SFMC**
**Filed automatically on 11/28/2019 at 9:18 AM**

| Ref# SWSP19052219 | Housing:SWSP-FAC 3-H5-1L-1004 R-D | Date Created:12/04/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:16 Day(s) | Status:Appealed |

Original Form
*12/4/2019 6:39:11 PM : ( 000543336d ) wrote*
hello sir
my sbi no is 000543336d.
this is to let you know that finally on nov 22nd 2019, i got my catheter changed approximately at 10 am in the morning, after waiting for 2 months and 22 days.
the practitioner nurse in charge changed the catheter that morning. this is to report that the nurse did not change the catheter in the right way, as the catheter went deep inside the bladder than needed. this stopped me from urinating the entire day and it was bleeding leading to inside damage.Also, i got fever, infection, and my heart beat increased leading to an emergency 911 call.
Based on the doctor recommendation, the catheter is supposed to be changed every month to prevent growth of bacteria. this was done correctly when i was in fac 1. howevr, based on reply on 09042019, at 10.35 am from anthony thomas in the grievance form, it was mentioned - unless there is a problem that req immd. or more frequent chng, suprapublic cathethers are chng every 1-3 mon which is not a doc recommend

Communications / Case Actions
*12/10/2019 10:50:38 AM : ( Anthony Thomas ) wrote*
Thank you.  Your request will be forwarded to your provider for review.  You are actually scheduled to be seen for doctor call on 12/20, at 10 am.  This would be a good time for you to discuss your concerns with your provider and have a formal order placed.

*12/10/2019 10:53:15 AM : ( Anthony Thomas ) wrote*
Additionally, you're schedule to follow up with the urologist on 12/16 via telemed.

*12/22/2019 2:35:42 PM : ( 000543336d ) wrote*
based on your response, the doctor appointment for 12202019 at 10 am has been rescheduled to 12232019. hoping to meet the doctor that day and discuss the monthly schedule for catheter change. also, i have telecommunicated with the doctor already and he has confirmed the monthly change of catheter.

| Ref# SWSP19053691 | Housing:SWSP-FAC 3-H5-1L-1004 R-D | Date Created:12/13/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:12 Day(s) | Status:Appealed |

<u>Original Form</u>
*12/13/2019 6:21:46 PM : ( 000543336d ) wrote*
Grievance for medical ada
thank you for replying back to my earlier inquiry for medical ada.i will definitely discuss the matter with the doctor on 1220.however,i would like to take this grievance forward as i raised the issue long back without getting proper response and also not a proper treatment.as i have already mentioned earlier in my inquiry, the improper treatment given to me led to rushing me in an emergency to the hospital, putting my life to high risk. i also want to ensure that post my discussion with the doctor on 1220, it is never repeated again thus taking forward my grievances.
thanks

<u>Communications / Case Actions</u>
*12/16/2019 8:51:06 AM : ( Anthony Thomas ) wrote*
Thank you.  Your concerns were forwarded to the facility medical director for review.

*12/22/2019 2:39:04 PM : ( 000543336d ) wrote*
as recommended by the doctor medical treatments should be done on time, on schedule, with no deviations. there should not be any delay in the scheduled treatment as well as recklessness as shown earlier, which had led to an emergency situation, and which is in contrast to the treatment suggested by the doctor.

| Ref# SWSP19053691 | Housing:SWSP-FAC 3-H5-1L-1004 R-D | Date Created:12/13/2019 |
|---|---|---|
| ID#: 000543336D | Name:PRIOR-RAMIREZ,OSCAR | |
| Form:Grievance | Subject:Medical | Description:Concerns/Treatment |
| Urgent:No | Time left:12 Day(s) | Status:Appealed |

<u>Original Form</u>
*12/13/2019 6:21:46 PM : ( 000543336d ) wrote*
Grievance for medical ada
thank you for replying back to my earlier inquiry for medical ada.i will definitely discuss the matter with the doctor on
1220.however,i would like to take this grievance forward as i raised the issue long back without getting proper response
and also not a proper treatment.as i have already mentioned earlier in my inquiry, the improper treatment given to me led
to rushing me in an emergency to the hospital, putting my life to high risk. i also want to ensure that post my discussion
with the doctor on 1220, it is never repeated again thus taking forward my grievances.
thanks

<u>Communications / Case Actions</u>
*12/16/2019 8:51:06 AM : ( Anthony Thomas ) wrote*
Thank you.  Your concerns were forwarded to the facility medical director for review.

*12/22/2019 2:39:04 PM : ( 000543336d ) wrote*
as recommended by the doctor medical treatments should be done on time, on schedule, with no deviations. there
should not be any delay in the scheduled treatment as well as recklessness as shown earlier, which had led to an
emergency situation, and which is in contrast to the treatment suggested by the doctor.

## South Woods State Prison-Facility Three
Bridgeton, NJ
Fax:

### OSCAR PRIOR-RAMIREZ
Male DOB:12/31/1979 Booking #:698645 SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/29/2019 - Office Visit: Dr. Infirmary Rounds & d/c infirmary**
**Provider: Victoria D'Amico, MSN, FNP-BC**
**Location of Care: South Woods State Prison**

### Vital Signs
Ht: **74** in. inches

### Body Mass Index in-lb
**Height (in): 74**

### AST to Platelet Ratio Index (APRI)
**SGOT (AST): 26**
**Platelets:** 163 THOUSAND/UL

T: **98.2** deg F. T site: **tympanic** R: **18** BP: **140/86**
**Radial Pulse rate: 83 Rhythm:** regular **Pulse Ox:** 98
**Blood Pressure:** 140/86 mm Hg

### Peak Flow

### Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

### Doctor Visit: subjective

### From Doctor Visit
**Referral Source:** n/a
**Dr Visit Chief Complaint:** s/p hospitalization for uti
**Reason for Visit:** Infirmary Visit
**Mental Health High-Risk Inquiry Incident:**

### Review of Systems
**Cardiovascular:** Denies chest pains, palpitations, syncope, dyspnea on exertion, orthopnea, PND, peripheral edema.
**Respiratory:** Denies cough, dyspnea, excessive sputum, hemoptysis, wheezing.
**Gastrointestinal:** Complains of constipation. Denies nausea, vomiting, diarrhea, change in bowel habits, abdominal pain, melena, hematochezia, jaundice. "My stool is firm as I have not been getting my medication that I am normally ordered."
**Genitourinary:** Complains of hematuria, other(specify). Denies dysuria, discharge, urinary frequency, urinary hesitancy, nocturia, incontinence, genital sores, decreased libido. "They changed my suprapubic last week and there ended up being an issue and then blood. They sent me to hospital and told me I had a UTI. I am still having some blood from my penis."

### Physical Exam
**General appearance:** well nourished, well hydrated, no acute distress

# MEDICAL COMPLAINT TO CHRISTINA CARMAN,

# "EXHIBIT K"

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/22/2019 - Internal Other: Chart Note for suprapubic catheter change**
**Provider: Christina Carman, APN**
**Location of Care: South Woods State Prison**

## Chart Note

**Narrative:** Patients suprapubic catheter was changed using sterile technique.  Pt was started on bactrim by provider for a UTI on 11/7/19; however, he states he never received it.  I started the pt on Cipro 500 mg PO BID x 10 days for foul odor and sediment noted.  Pt was given first dose in medical at time of visit.  Pt had just emptied his catheter and bladder was empty of urine.  Pt was told to follow up with provider after lunch if no urine in tube.  Pt will have suprpubic catheter changed every 2 months and  2 urinary leg bags were given to patient.

### Problems/Allergies/Observation Changes

### Orders to be Processed and/or Transcribed

**Electronically Signed by Christina Carman, APN on 11/22/2019 at 10:30 AM**
**Electronically Signed by Christina Carman, APN on 11/25/2019 at 8:01 AM**

**South Woods State Prison-Facility Three**
Bridgeton, NJ
Fax:

**OSCAR PRIOR-RAMIREZ**
Male  DOB:12/31/1979  Booking #:698645  SBI:000543336D
Ins: NJDOCIC (NJDOCIP)

**11/27/2019 - Office Visit: Infirmary Rounds/ admission**
**Provider: Nicole Afandor, RN**
**Location of Care: South Woods State Prison**

## Vital Signs
Ht: **74** in.  inches

## Body Mass Index in-lb
Height (in): 74

## AST to Platelet Ratio Index (APRI)
SGOT (AST): 26
Platelets: 163 THOUSAND/UL

T: **97.8** deg F.  R: **16**  BP: **140/82**
**Radial Pulse rate:** 89   **Pulse Ox:** 98
**Blood Pressure:** 140/82 mm Hg

## Peak Flow

## Orientation Level
**Oriented to time?** Yes
**Oriented to place?** Yes
**Oriented to person** Yes

## Nurse SOAP Note-subjective
**Reason for visit:** Infirmary Rounds
**Chief Complaint:** s/p urospesis
**Mental Health High-Risk Inquiry Incident:**
## Review of Systems

**Genitourinary:** Denies dysuria, hematuria, discharge, urinary frequency, urinary hesitancy, nocturia, incontinence, genital sores, decreased libido.

## Nurse Physical Exam

### General
**Comments:** IM returned from SFMC s/p urosepsis. VSS. NAD. IM is in wheelchair. IM states his suprapubic tube was changed on friday 11/22. Urine draining into foley bag without difficulty. urine appears to be clear and yellow. IM voiced no complaints or concerns at this time. will continue to monitor.
........................................................Nicole Afanador, RN November 27, 2019 9:22 PM

## Respiratory System



**UNITED STATES POSTAL SERVICE**

*Retail*

**P**

## US POSTAGE PAID
**$10.20**

Origin: 07740
07/09/20
3345900516-18

PRIORITY MAIL
POSTAGE REQUIRED

### PRIORITY MAIL 1-DAY ®

4 Lb 6.30 Oz

**1005**

EXPECTED DELIVERY DAY: 07/10/20

C034

SHIP
TO:
402 E STATE ST
RM 2020
TRENTON NJ 08608-1500

## USPS TRACKING®NUMBER



9505 5158 9541 0191 1641 39

FROM:

SOUTHWOODS STATE PRISON
C/O OSCAR PRIOR RAMIREZ #698645
215 S. BURLINGTON RD.
BRIDGETON, N.J. 08302

TO: US DISTRICT COURT
FOR THE DISTRICT OF
NEW JERSEY
402 E. STATE ST.
RM 2020
TRENTON, NJ. 08608

Label 228, March 2016          FOR DOMESTIC AND INTERNATIONAL USE